CENTRAL HANOVER BANK & TRUST COMPANY, *et al.*, v. PAN-AMERICAN AIRWAYS, INC.

171 So. 808.
En Banc.
Opinion Filed January 2, 1937.

*L'Engle* and *Shands,* of Jacksonville, and *Shutts & Bowen,* of Miami, for Plaintiffs in Error;

*J. E. Yonge* and *S. P. Robineau,* of Miami, and *William Blount Myers,* of Tallahassee, for Defendant in Error.

DAVIS, J.—This cause originated as a special proceeding under the Florida statutes to condemn lands as an air terminal and seaplane base for use in the operations of Pan-American Airways as an alleged common carrier in international air commerce for hire between Miami, Florida, the West Indies, Central America and South America. See Chapter 15862, Acts 1933, Laws of Florida; Section 1977 (100) C. G. L. Suppl.

The Circuit Judge determined, *in limine,* all preliminary questions raised by the answer filed in resistance to the con-

demnation questioning the legal right of petitioner to maintain the proceedings (Milton v. St. Johns County, 98 Fla. 26, 123 So. 527), and thereupon entered what on its face purports to be a final judgment holding that petitioner was entitled to condemn and appropriate the properties described in the petition, for the uses and purposes therein set forth, upon making full compensation therefor, to be ascertained by a jury of twelve men in accordance with law, and subsequently set the case for trial on January 7th, 1937.

The cause is now before this Court on the motion of Pan-American Airways, Inc., the petitioner below, to dismiss a writ of error sued out by respondents below seeking to review the condemnation proceedings up to the point of the court's alleged judgment of November 30, 1936, the date of the adjudication last above mentioned.

The position of plaintiffs in error is that an eminent domain proceeding is necessarily divisible into two stages, which are separate and distinct in character and purpose, and that the order or judgment rendered by the Circuit Court at the conclusion of the first stage of such a case is therefore a final judgment that can be reviewed on writ of error, which in Florida, can only be issued to a final judgment or to an order granting a new trial, in cases wherein writ of error is the appropriate means of review. See Melbourne State Bank v. Gillette, 101 Fla. 235, 134 Sou. Rep. 46.

While the second stage of an eminent domain proceeding is occupied merely by the judicial process of jury trial of the question of compensation and damages to be awarded to the owner whose property has been adjudged to be taken for public use, Section 5092 C. G. L., 3284 R. G. S., nevertheless, provides in terms that the final judgment in such a proceeding shall be entered only .after a recital of the

jury's verdict in full, and shall conform to the requirement that it describe the property to be appropriated for the uses alleged in the petition, upon the petitioner. paying or securing by deposit of money the compensation found by the verdict of the jury. It is therefore plain that where the preliminary decision of the Circuit Court is in favor of the petitioner's right to condemn, and retains for trial by jury, the issue of compensation to be awarded pursuant to the jury's verdict, that no final judgment in the cause can be entered by the Circuit Court until after the jury trial has been had, and the amount of compensation has been determined. The situation is different when the court rules against the right to condemn, as in such instance, the only further step that can be taken is a dismissal and denial of the petition, which dismissal and denial would put a final end to the case and therefore support a writ of error. See State v. Henry, 60 Fla. 246, 53 Sou. Rep. 742.

A final judgment is one that not only adjudicates the merits of the cause, but that finally disposes of the pending action. So long as the action itself is pending in the Circuit Court, it is subject to the final decision of that court as to what shall be decided therein, and the Supreme Court is without jurisdiction to review it on writ of error, except in the particular case where the statute has otherwise provided in the case of orders granting new trials.

A judicial determination in a pending eminent domain proceeding that the petitioning plaintiff has the right to condemn the land sought to be taken, but retaining the cause for further procedure with reference to the ascertainment of the compensation to be awarded against such petitioning plaintiff, is therefore not such a final judgment in the proceeding as will support a writ of error. State Road Department v. Crill, 99 Fla. 1012, 128 Sou. Rep. 414.

The writ of error in this case is accordingly dismissed.

WHITFIELD, C. J., and TERRELL and BROWN, J. J., concur.