DOROTHY EVANS, a widow, v. CARL GREEN, JULIA GREEN and PATRICIAN HOTEL COMPANY.

180 So. 753.
Division A.
Opinion Filed April 25, 1938.

470

E. F. P. Brigham, Murrell & Malone and Whitfield & Whitfield, for Appellant;

Marion E. Sibley and Vincent C. Giblin, for Appellees.

PEG CURIAM.—Pursuant to application of Appellant, as complainant, an order was entered March 25, 1938, appointing a receiver for Appellee, Patrician Hotel Company. On March 31, 1938, a second order was entered in the cause confirming the appointment of said receiver. We are confronted here with separate appeals from both orders, a motion to consolidate them having been entered and hereby granted.

The appeals are taken by the complainant who applied for and secured the appointment of the receiver. The records have been lodged in this Court, briefs have been filed, and the merits of the cause argued on application for a supersedeas, so the whole matter is before us for final adjudication.

The rule is generally recognized that a litigant cannot appeal from a decree in his favor. Witt and Witt v. Baars, Trading as Baars & Co., 36 Fla. 119, 18 So. 330, but it would be going far to hold that under our system of jurisprudence, conditions would never arise in which rules of general application should not be modified when the justice of the cause resulting from changed conditions requires.

It is contended here that the property in receivership is being administered in the interest of the receiver's representative, auditors, attorneys, and a retinue of other em-

ployees, rather than in the interest of those claiming the estate being administered. It is not charged that the Court's receiver is not fair and impartial and in all other respects qualified.

A receivership is not operated in the interest of those appointed for that purpose. They are merely incidents; it is conducted for the benefit of those who own the trust property and they are the ones entitled to the proceeds of it. Trust property may be more easily dissipated by unwise administration than through the practice of the technique of the bandit but regardless of the manner in which done, the result is little different to the *cestui que* trust.

The decrees appealed from are accordingly affirmed, but with leave of the Chancellor to amend so as to preserve the trust property and insure its economical administration.

It is so ordered.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and CHAPMAN, J., concur in the opinion and judgment.

BROWN, J., concurs in the conclusion.