### ALBERT M. GOLDFARB, as Administrator of the Estate of Irwin Goldfarb, deceased, v. WALTER BRONSTON, JR., a minor, and WALTER BRONSTON, SR.

17 So. (2nd) 300                                    January Term, 1944
February 15, 1944                                            Division B
Rehearing Denied March 6, 1944

E. F. P. *Brigham,* for appellant.

*Edward E. Fleming* and *Bernstein & Hodsdon,* for appellee.

BROWN, J.:

We are here dealing with a motion to dismiss an appeal taken by the plaintiff below from what purports to be a final judgment in favor of the defendant below on four counts of an eight count declaration in a common law action for damages.

On July 5, 1943, Irwin Goldfarb, by his next friend and father, Albert M. Goldfarb, filed a declaration consisting of four counts against Walter Bronston, Jr., a minor and Walter Bronston, Sr., to recover damages for serious personal injuries, alleged to have been permanent, caused by the negligence of the defendants. The defendants filed a demurrer to the declaration on August 2, 1943.

On October 25, 1943, Irwin Goldfarb having died as a result of the alleged injuries, his father Albert M. Goldfarb, as administrator of the estate of Irwin Goldfarb, filed a petition to revive said suit. On the same day, the circuit court made an order in which it stated that it appearing to the court

"that the cause of action therein sued on survives said death," the cause "is hereby revived in the name of Albert M. Goldfarb as administrator of the estate of Irwin Goldfarb deceased, and the plaintiff's pending declaration in the cause is amended by the substitution of this new party plaintiff in lieu of the deceased plaintiff, Irwin Goldfarb."

On the same date, October 25, 1943, the plaintiff administrator amended his declaration by adding four additional counts, claiming damages to the estate of Irwin Goldfarb as a result of his death, based on the prospective future earnings of Irwin Goldfarb which he would have earned after he had obtained his majority and during his life expectancy had he not died.

On November 1, 1943, the defendants filed an adoption and application of the demurrer previously filed to the original declaration to the 5th, 6th, 7th and 8th counts which had been filed as an amendment to the original declaration, and on the same day defendants filed their motion to strike the first four counts of the plaintiff's original declaration as amended upon the ground that the damages alleged in said counts were not recoverable by said administrator.

On November 19, 1943, the court granted the motion to strike the first four counts of plaintiff's declaration and the plaintiff sought to have this order reviewed by this court by certiorari, but the petition was by this Court, on December 23, 1943, denied.

On December 28, 1943, the circuit court entered an order purporting to be a final judgment reading as follows:

The plaintiff having elected to stand on Counts One, Two, Three and Four of his declaration without amendment, the Court having stricken the same from Plaintiff's declaration; now, therefore, it is

" 'Considered, Ordered and Adjudged that the plaintiff take nothing by said Counts One, Two, Three and Four of his declaration, and that, with respect to said Counts One, Two, Three and Four, the Defendants go hence without day, and that costs be and the same are hereby taxed against the Plaintiff concerning said Counts One, Two, Three and Four of his declaration."

From this judgment plaintiff entered an appeal to this Court. The cause is still pending in the court below on counts five, six, seven and eight of the declaration as amended. Appellees have filed their motion to dismiss this appeal on the ground that the order appealed from is not a final judgment; that there still remain issues of law and fact to be decided on the remaining four counts of the declaration; that the cause has not yet been finally disposed of, but must be tried by a jury in the lower court before a final judgment can be rendered.

Section 59.02, Florida Statutes 1941, reads as follows:

"Writs of error shall lie only from final judgments, except as specified in Sections 59.04 and 59.05 hereof."

A perusal of Sections 59.04 and 59.05 shows that they have no application here, as one of them deals with orders granting new trials at law, and the other deals with cases wherein it becomes necessary for the plaintiff to suffer a nonsuit. It is needless to point out that *appeals* are now used instead of *writs of error* to review judgments at law as well as decrees in equity, but that change in the *method* of invoking appellate review does not enlarge the class of judgments or decrees which are subject to appellate review.

The rule is quite general throughout this country that writs of error or appeals in common law cases can be brought only upon a final judgment, and that interlocutory rulings and orders in common law cases can only be reviewed when the cause is brought before the appellate court by appeal from, or writ of error to, the final judgment, which is one that disposes of and terminates the entire cause. See 2 Am. Jur. 860; 30 Am. Jur. 895; 4 C.J.S. 78, 180, 241; Freeman on Judgments, 5th Ed. Vol. 1, pp. 43, 69 and 70.

This question was very thoroughly considered by this court in the case of State Road Department v. Crill, 99 Fla. 1012, 128 So. 412. The opinion in that case was written by Supreme Court Commissioner Davis and was adopted as the opinion of the Court by all members of the Court without dissent. The holding in that case was that in a proceeding to condemn land for right of way purposes, together with sand to be taken from other land of the defendants for the

filling in of the right of way, an order dismissing the petition for condemnation, in so far as the sand was concerned, was not reviewable by writ of error. In the well considered opinion in that case, after citing and reviewing cases from other courts and quoting from Freeman on Judgments, the following paragraphs appear:

"Coming now to the decisions of this court, we find that a final judgment is one that adjudicates the *merits of the cause and disposes of the action* (Graves v. J. M. Harris & Bro., supra; Bell v. Niles, 60 Fla. 31, 53 So.' 714); that puts an end to the suit (Branch v. Branch, 5 Fla. 447, 450); and that at common law, there were 'two prerequisites to the right of review by writ of error: There must have been, not only a finality of the cause in the inferior court, but there must have entered into that judgment the element of involuntariness' (Mizell Live Stock Co. v. J. J. McCaskill Co., 57 Fla. 118, 120, 49 So. 501), and in Gates v. Hayner, 22 Fla. 325, it is said, so long as the *action* is pending in the lower court, 'this court cannot touch the case.' In the last-cited case no formal judgment had been entered upon an order sustaining the demurrer to the declaration, and plaintiff in error does not question the wisdom of that decision. However, the language used is broad enough to apply to any case, and when we think of the different 'causes of action' that may be stated in a declaration in one 'action' or 'cause' and of the numerous issues that may be raised by pleas filed in a 'case,' some of which may be and often are finally disposed of on demurrer, or otherwise, it is not difficult to perceive what a burden would be placed upon the appellate court if appeals and writs of error could be had without waiting for a final termination of the 'case' in the lower court." . . .

"There was but one proceeding, one 'case,' one 'cause,' one 'suit,' before the lower court, and though the order of the court struck from the petition what the plaintiff in error has termed one 'cause of action,' such order did not break this one 'suit,' or 'case' or cause' into two. Ex parte National E. & S. Co., 201 U. S. 156, 26 S. Ct. 404, 50 L. Ed."

See also Ropes v. Lansing, 46 Fla. 231, 35 So. 863; Central Hanover Bank & Trust Co. v. Pan-American Airways, Inc.,

126 Fla. 736, 171 So. 808, and other cases cited in F.S.A., Section 59.02, and F. S., 1941, Vol. 2, Annotations, Section 59.02.

The order of the court, made on November 19, 1943, granting the defendant's motion to strike the first four counts of the plaintiff's declaration, is of course not before us and is not affected by our opinion and decision in this case.

This appeal is, as above stated, from the purported final judgment of December 28, 1943, rendered with reference to the first four counts of the declaration.

In the light of our previous cases, we hold that this is not such a final judgment as will support an appeal. We must therefore decline to pass upon the questions raised by the appellant with reference to the sufficiency of the first four counts of the declaration, and as to whether the court below erred in striking the same and subsequently entering a purported final judgment in favor of the defendants as to those four counts. These like all rulings made on the pleadings during the progress of the cause, are questions which could only properly be raised on an appeal from a final judgment in the case, and such final judgment, disposing of the case in its entirety, has not yet been rendered so far as this record discloses.

For the reasons above pointed out, appellees' motion to dismiss this appeal must be granted.

Appeal dismissed.

BUFORD, C. J., THOMAS and SEBRING, JJ., concur.