Action in ejectment by Raymond Howard and Mary L. Howard against Clarence Ziegler. From a judgment for the defendant, plaintiffs appeal.
Appeal dismissed.
Raymond Howard and Mary L. Howard filed their declaration in ejectment against Clarence Ziegler. To the declaration the defendant filed a plea of not guilty and a "special" plea in which he set out with particularity the title upon which he relied to sustain his right of possession to the property. By the plea it appeared that the defendant had been in possession of the property since December 22, 1942, under a deed procured on that date from the purchaser at a master's sale held in September 1941 pursuant to a final decree entered in a drainage tax foreclosure suit instituted under section 298.75, Florida Statutes 1941, F.S.A. The plaintiffs interposed a demurrer to the plea on general grounds and on certain special grounds directed to the constitutional validity of section 298.75. The demurrer to the plea was overruled by the trial court with leave to the plaintiffs to plead further.
Instead of pleading, the plaintiffs entered into a stipulation with the defendant for the entry of a final judgment on demurrer, which provided, among other things, as follows:
"Whereas, plaintiffs desire to take an appeal from the ruling of the Circuit Court of Orange County, overruling said demurrer, and, whereas, it is the purpose of this Stipulation to place the pleadings herein in proper order for such an appeal, now, therefore, the parties hereto agree as follows:
"1. Defendant withdraws his plea of `Not Guilty', leaving filed in said cause only the said amended or additional plea of defendant under attack by said demurrer of plaintiffs.
"2. Plaintiffs agree to and admit the facts well pleaded in said amended or additional plea, to the end that a final judgment may be entered in favor of defendant upon the Circuit Court overruling the plaintiffs' demurrer to said plea.
"3. If said amended or additional plea of defendant is held good on appeal and the overruling of the demurrer thereto held not to be error, then the parties hereto agree that the pleadings hereby withdrawn may be re-pleaded and restored, and the plaintiffs may plead to defendant's said amended or additional plea as they may be advised."
Based upon this stipulation and the order on the demurrer, the trial court entered the final judgment from which this appeal has been taken.
On the appeal the appellants attempt to question the constitutionality of section 298.75, supra on the same grounds as were asserted in their demurrer to the plea in the court below.
Appeals in common law actions lie only from final judgments, except as otherwise provided by statute. See Sections 59.02 to 59.05, Florida Statutes 1941, F.S.A. A judgment is final when it adjudicates the merits of the cause and disposes of the pending action, leaving nothing further to be done but the execution of the judgment. Harrison v. Thurston Buist, 11 Fla. 307; Gates v. Hayner, 22 Fla. 325; Goldfarb v. Bronston, 154 Fla. 180, 17 So.2d 300.
It is plain that the stipulation entered into between the parties and acted upon by the trial court in entering judgment was for the sole and only purpose of enabling the plaintiffs to present to this court the abstract question whether the challenged statute was unconstitutional on any of the grounds asserted in the demurrer. The effect of the stipulation is that even though the judgment appealed from may be affirmed by this court on appeal the plaintiffs are not to be bound by our decision treating the order as a judgment disposing of the action, but are to be permitted to proceed with the prosecution of their action *Page 778 
in the court below in the same manner as though the appeal had never been taken and decided against them.
We view the stipulation and the proceedings taken thereon as an indirect attempt to confer jurisdiction on this court with respect to an order which, though final in form, was never actually intended by the parties or the trial court to be treated as anything more than an interlocutory order in the cause. This court has no jurisdiction to consider appeals from interlocutory orders entered in common law actions. Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541; Patten v. Daoud, 152 Fla. 448, 12 So.2d 299.
Accordingly, the appeal should be dismissed at the cost of the appellants because of lack of jurisdiction to entertain the appeal.
It is so ordered.
ADAMS, C.J., and TERRELL, CHAPMAN, THOMAS, and HOBSON, JJ., concur.