Order
PER CURIAM.
This cause having come on before the court after notice, on the court’s own motion on a question of the jurisdiction of *26 the court to entertain the above proceeding-, and the court having considered same after hearing argument of counsel thereon, it is ordered that this petition for writ of certiorari to the Circuit Court of Dade County (Common Law No. 38437) be and the same is hereby dismissed. The opinion of the court will follow.
Opinion
PER CURIAM.
The petitioners seek a writ of certiorari to review an interlocutory order in a condemnation proceeding.
The petitioners are the owners of certain property located within the Town of Surfside, which said town sought to condemn to convert into public off-street parking facilities. The transcript of proceedings accompanying the petition for certiorari filed in this court discloses that the petition for condemnation, by paragraphs 2 and 3, sets up the necessity for the taking and the use to which it is expected that the condemned property will be placed by the Town of Surfside, to-wit: off-street parking facilities.
The petitioners, by their answer to that portion of the petition for condemnation, plead lack of knowledge or information sufficient to form a belief as to the necessity for the taking alleged in paragraphs 2 and 3. There was, however, a subsequent denial in the answer of the necessity for taking based upon an alleged fraud or bad faith on the part of the respondents in taking the petitioners’ property to prevent same from being rezoned for a higher use. Accompanying the answer was a counterclaim on behalf of the petitioners which sought to require the Town of Surf-side to rezone or reclassify the petitioners’ property to a higher use. The respondents answered the counterclaim and the cause was heard before the trial judge upon the issues made by the petition, answer and counterclaim of petitioners and respondent-Town’s answer to the counterclaim. As & result of that hearing, the trial judge, on May 19, 1958, entered an order denying the relief sought by the counterclaim. Approximately thirteen days after the-order on the counterclaim, the trial judge,, upon motion to amend, entered an order amending the order of May 19, 1958, to-include an adjudication that the respondent had amply demonstrated a need for the acquisition of the property for off-street parking purposes. It is this latter order upon which the petitioners seek review by certiorari.
This court, on its own motion, noted a. probable lack of jurisdiction to review by certiorari the interlocutory order in condemnation proceedings and assigned the-same for oral argument. After argument, the court entered its order dismissing the petition for certiorari.
Condemnation proceedings as such/ have generally been conceded to be in the nature of a common-law action. There is no provision in the present Florida Appellate Rules for the review of interlocutory orders in common-law actions, except those pertaining to venue and jurisdiction over the person. See Rule 4.2, Florida Appellate Rules, 31 F.S.A. Consequently, if such an order were subject to any review, it would be by certiorari.
The petitioners urge review by certiorari of the order complained of under authority of the rule enunciated in Howard Johnson, Inc. of Florida v. State Road Department of Florida, Fla.1956, 90 So.2d 306. That was a case involving condemnation proceedings in which the property owner attempted to create an issue on the necessity for taking. The Supreme Court there said:
“ * * * [Tjhis is a type of common law action in which in all probability we would grant ‘special dispensation’ and entertain the petition for certiorari if the answer or those *27 portions of it which were stricken were sufficient to establish such an issue.”
We have carefully considered the application of the principle set out above, but conclude that inasmuch as certiorari is a discretionary writ, an appellate court should review interlocutory orders in law actions only under exceptional circumstances where it appears there is no complete and adequate remedy by appeal after final judgment. See Brooks v. Owens, Fla. 1957, 97 So.2d 693, and cases cited therein.
Accordingly, the petition for certiorari is dismissed.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.