WIGGINTON, Chief Judge.
This is the second appearance of this case in this court.
On the first appeal we reviewed a judgment entered upon a jury’s verdict in favor of plaintiffs by which they were awarded the sum of $35,400 for damages suffered when appellant Riedel’s automobile struck the minor appellee, Elizabeth G. Driscoll, at a street intersection in Day-tona Beach. On that appeal we held that the verdict rendered in favor of plaintiffs was contrary to the manifest weight of the evidence and the justice of the cause. We found from the record that the evidence overwhelmingly established contributory negligence on the part of Elizabeth Dris-coll. The judgment was accordingly reversed and the cause remanded for a new trial on the merits.[1]
Subsequent to the going down of our mandate in this cause, defendant Riedel filed a motion for summary judgment. The *925 motion was grounded upon the theory that from the pleadings, the entire transcript of the record and proceedings in the first trial of the cause, and the opinion, decision and mandate of this court on the appeal from the final judgment entered therein, it affirmatively appeared that plaintiff Elizabeth Driscoll was guilty of contributory negligence as a matter of law. Upon hearing, the motion for summary judgment was denied.
The case is now again before this court on respondent’s motion to dismiss defendant Riedel’s petition for writ of certiorari brought to review the interlocutory order entered by the trial court denying her motion for summary judgment. It is contended by petitioner that this court’s opinion and decision on the first appeal of the case established as a matter of law that plaintiff was guilty of contributory negligence and therefore her right to relief is barred under applicable provisions of law in effect in this jurisdiction. Petitioner thus reasons that because of plaintiffs’ failure to submit any additional evidence tending to show that she was free from contributory negligence at the time the motion for summary judgment was heard by the trial court, defendant was entitled to judgment as a matter of law. In support of her position petitioner invites our attention to- the decision rendered by this court in the Walker case[2] and asserts that such decision is authority for the granting of the writ requested by her petition.
The Walker case likewise made two appearances in this court. The first appearance was an appeal from a final judgment rendered in favor of plaintiff Walker for damages arising out of a railroad crossing collision. The judgment entered upon the jury’s verdict was reversed upon a finding by this court that the verdict was contrary to the manifest weight of the evidence adduced at the trial on the issue of liability.[3] Upon remand of the cause for new trial a pre-trial conference was held and counsel for plaintiff Walker frankly announced to the court that plaintiff had no additional evidence which could be offered on her behalf relating to the issue of liability. Because of such admission defendant promptly moved for reconsideration of its motion for summary judgment previously filed in the cause. Upon consideration the motion was granted and final judgment entered in favor of defendant. On appeal from that judgment we affirmed the trial court’s action, predicating our decision upon the principle previously announced by the Supreme Court in the Tampa Electric Company case[4] to the effect that if upon retrial of a cause which has been reversed by an appellate court because of an insufficiency of the evidence to support the verdict and judgment, the evidence on the subsequent trial is substantially the same as that adduced on the original trial, it is the duty of the trial judge to direct a verdict in favor of the defendant. Had plaintiff’s counsel in the Walker case not conceded at the pre-trial conference that he had no further evidence to offer on the issue of liability, he would have been entitled to resubmit his case to a jury at a subsequent trial. If on that trial plaintiff’s evidence on the issue of liability was substantially the same as had been offered on the first trial of the cause, the trial court would have been required to grant a directed verdict in defendant’s favor. The concession by counsel at the pre-trial conference that he had no further evidence to offer was tantamount to a subsequent trial on the merits in which no additional evidence on the issue of liability was adduced by plaintiff. Under such circumstances the court would have been compelled to grant a directed verdict in defendant’s favor. It was for this reason that the summary judg *926 ment entered under the circumstances present in the Walker case was affirmed.
The procedural and factual distinctions between the Walker case and the one which we now review are readily apparent. At the outset, it must be noted that appellant in the Walker case appealed from a final summary judgment which concluded the judicial labors of the trial judge in that proceeding. In the instant case, petitioner attempts to review by certiorari an interlocutory order in a law action which merely denied petitioner’s motion for a summary judgment, despite this court’s pronouncements in Fleishel[5] with respect to the proper office of a Petition for Writ of Cer-tiorari.
In Fleishel this court was petitioned to review by certiorari an interlocutory order entered by the trial court denying petitioner’s motion for summary judgment. In denying certiorari and dismissing the petition we held:
“ * * * that certiorari would be granted only in those cases in which it clearly appeared there was no full, adequate and complete remedy available to the petitioner by appeal after final judgment. Illustrative of the type of case in which review by certiorari will be considered is one in which the trial court has acted without and in excess of its jurisdiction, or its order does not conform to the essential requirements of law and may cause material injury throughout subsequent proceedings for which the remedy by appeal will be inadequate.”
In that case we further held that although defendant would be required to defend the action under circumstances which would prove extremely burdensome and vexatious, he nevertheless had an adequate remedy by appeal after final judgment to review the trial court’s order denying its motion for summary judgment.
Although petitioner acknowledges the rule announced by this court in Fleishel, she contends that it should not apply to the situation presented by this record. With this contention we cannot agree inasmuch as petitioner, on appeal from a final judgment which may be rendered adverse to her, will have full opportunity to question the propriety of the exercise of the trial judge’s discretion in denying her motion for summary judgment. In short, not only has petitioner failed to show wherein the trial court acted without or in excess of its jurisdiction, but she has failed to clearly make it appear wherein the order denying summary judgment fails to conform to the essential requirement of law. There is no basis for the conclusion that petitioner will suffer material injury throughout subsequent proceedings for which the remedy by appeal will be inadequate.
Secondly, it must be further noted that at the hearing before the court on defendant’s motion for summary judgment subsequent to our .remand of this cause for new trial, plaintiff’s counsel offered no additional evidence on the issue of contributory negligence, nor did plaintiff stipulate or agree that she would have no additional evidence to offer on this issue when the .case is subsequently called for trial. Our opinion and decision reversing the judgment rendered in plaintiff’s favor was on the ground that the verdict was contrary to the manifest weight of the evidence. Such a holding concedes that the evidence on the issue of contributory negligence was in conflict, and was an issue of fact properly presented to the jury for its consideration. In this posture of the case it cannot be said on the basis of the testimony adduced at the first trial of the cause that there is no genuine issue of a material fact requiring a jury’s consideration. The existence of such issue of a material fact precludes the entry of summary judgment.[6]
*927 If defendant’s theory should be held correct, then in each case in which a judgment is set aside on the ground that the verdict is contrary to the manifest weight of the evidence and the justice of the cause, the trial court will be compelled to immediately grant a summary judgment in favor of the prevailing party unless the party in whose favor the verdict was rendered comes forth with additional evidence at the hearing upon the motion for summary judgment. A new trial having been ordered upon the setting aside of the verdict, the parties are entitled to resubmit the case to the jury on such evidence as may then be available to them without the necessity of adducing such new or additional evidence at a pretrial hearing on a motion for summary judgment. This assumes, of course, that the party whose verdict has been set aside makes no admissions or concessions as to his inability to adduce additional evidence on a retrial of the cause.
Respondent’s motion to dismiss the petition for writ of certiorari is granted.
STURGIS and CARROLL, DONALD K., JJ., concur.

. Riedel v. Driscoll, Fla.App.1960, 124 So.2d 42.

. Walker v. Atlantic Coastline Railroad Company, Fla.App.1960, 121 So.2d 713.

. Atlantic Coastline Railroad Company v. Walker, Fla.App.1959, 113 So.2d 420.

.Jones v. Tampa Electric Co., 143 Fla. 693, 197 So. 385.

. Pullman Company v. Fleishel, Fla.App.1958, 101 So.2d 188, 189.

. Smith v. City of Daytona Beach, Fla.App.1960, 121 So.2d 440.