RAWLS, Judge.
The State Road Department filed a petition in eminent domain seeking to condemn for a road right of way the fee simple title in certain lands owned by Defendants-Respondents fronting Reid Street in the City of Palatka, Putnam County, Florida. In its petition, the Road Department alleged that the State of Florida had previously conveyed the subject land by Murphy Deed and reserved in said conveyance an easement in the right of way sought. Defendants-Respondents denied that the Road Department possessed such easement. In its summary judgment adjudicating only this disputed phase of the controversy, the trial court in *610 sustaining the Defendants’ position held that the said Murphy Deed did not grant a highway easement in the described lands to the State of Florida or the County of Putnam because Reid Street was not a part of the state road system at the time the Murphy Deed was executed. The summary judgment is partial in character and is confined to the liability of petitioners for payment of compensation for the full fee simple title to the land to be acquired, leaving for the trial only the issue of compensation to be awarded.
By the instant petition for writ of certi-orari, the State Road Department seeks to invoke the jurisdiction of this Court to review the partial summary judgment mentioned above. It is noted that Defendants-Respondents do not question the propriety of these proceedings and eagerly join Petitioners in seeking and asking that this Court grant certiorari.
The Road Department asserts that the judgment of the trial court was in excess of its jurisdiction and does not conform to the essential requirements of law. We are unable to comprehend the contention that the trial court has acted in excess of its jurisdiction. Other than making this bald allegation, there is nothing contained in the Road Department’s petition or appendix to indicate the remotest possibility of lack of jurisdiction in any respect on the part of the trial court. Such allegation is without legal foundation and therefore is, of course, without merit.
As to the Road Department’s contention that the said partial summary judgment does not conform to “the essential requirements of the law, which will cause material injury throughout the subsequent proceedings, for which remedy by appeal will be inadequate,” we are again unable to ascertain in what respect an appeal will be inadequate to remedy the injury, if any. Petitioners argue that if the judgment is allowed to stand, the trial will proceed on an erroneous theory; that testimony of expert witnesses will be taken at considerable expense; that the only remedy Petitioners would have upon reversal and retrial to recover the excess amounts would be to sue the Respondents for the recovery of such excess money; and that such a procedure would be “cumbersome at best and does not solve the problem which is presently pressing.” Petitioners further contend that the cost of retrying the case would be double; that instead of one trial there would be two trials; and all of this constitutes material injury for which remedy by appeal will be inadequate. The essence of Petitioners’ position is that a retrial of this cause will be vexatious, expensive and burdensome— all of which could well be present in any interlocutory order entered in a common law action.
Although we have diligently searched, we cannot find any basis upon which this Court may with propriety review by common law certiorari the instant partial summary judgment. Our Supreme Court has consistently limited the scope of common law certiorari.[1]
We conclude that the writ of certiorari is not available to review the subject partial summary judgment and restate this Court’s position by quoting from Pullman Company v. Fleishel[2] in which the author, Judge Wig-ginton, stated:
“To grant the writ that petitioner here seeks would go far toward breaking down the orderly administration of justice in the trial courts of this State, and would serve to inject this court into the trial of every case it may be ultimately called upon to review. As we stated in a recent case [Board of Commissioners of State Institutions v. Tallahassee Bank & Trust Company, Fla.App., 101
*611 So.2d 411] involving the review of interlocutory orders by certiorari, ‘In the orderly process for the administration of justice appellate courts should cautiously avoid intrusion and encroachment upon the trial jurisdiction of the circuit court. It is not the function of an appellate court to inject itself into the middle of a lawsuit and undertake to direct the trial judge in the conduct of the case. * * * [however], If after the cause is tried and a final judgment is entered the petitioner-appellant then deems itself aggrieved by some irregularity * * * the time will be ripe to review the matter on appeal * * *. Until that time arrives, however, this Court is not in a position to evaluate properly the correctness of the various interlocutory rulings of the trial judge.’ ”
Certiorari denied.
STURGIS, C. J., and WIGGINTON, J., concur.

. See Boucher v. Pure Oil Company, 101 So.2d 408 (Pla.App.1st, 1957); Kilgore v. Bird et al., 149 Fla. 570, 6 So.2d 541.

. Pullman Company v. Fleishel, 101 So.2d 188 (Fla.App.1st, 1958).