PER CURIAM.
This is a petition for writ of certiorari to review an interlocutory order of the trial court in a condemnation case, finding that it was necessary for respondent to take a permanent crossing easement over the petitioners’ tracks at grade level, rather than above grade by a bridge or elevated structure, as petitioners contended was proper.
At the threshold we are confronted with the jurisdictional problem as to whether the *20 writ should be issued now to review this interlocutory order, or for review to await the final judgment after trial of the compensation issue. Petitioners urge that they will have no complete and adequate remedy by appeal after final judgment, for two reasons, firstly that they will have been put to great expense and inconvenience in the trial of the compensation issue if the finding of necessity should be reversed, and secondly that an appeal from the final judgment may not operate as a supersedeas in view of F.S. §§ 73.13 and 73.14, F.S.A.
As to the first of these contentions we denied certiorari to review a partial summary judgment in a condemnation suit which judgment settled all the preliminary issues, except compensation, in State Road Department v. Bainbridge, Fla.App., 171 So.2d 609, and said:
“As to the Road Department’s contention that the said partial summary judgment does not conform to ‘the essential requirements of the law, which will cause material injury throughout the subsequent proceedings, for which remedy by appeal will be inadequate/ we are again unable to ascertain in what respect an appeal will be inadequate to remedy the injury, if any. Petitioners argue that if the judgment is allowed to stand, the trial will proceed on an erroneous theory; that testimony of expert witnesses will be taken at considerable expense; that the only remedy Petitioners would have upon reversal and retrial to recover the excess amounts would be to sue the Respondents for the recovery of such excess money; and that such a procedure would be ‘cumbersome at best and does not solve the problem which is presently pressing.’ Petitioners further contend that the cost of retrying the case would be double; that instead of one trial there would be two trials; and all of this constitutes material injury for which remedy by appeal will be inadequate. The essence of Petitioners’ position is that a retrial of this cause will be vexatious, expensive and burdensome — all of which could well be present in any interlocutory order entered in a common law action.”
Except for certain language in City of Dania v. Central & So. Florida Flood Con. Dist. (Fla.App.2d Dist.), 134 So.2d 848, which might be construed to the contrary, the courts have consistently refused to review such interlocutory orders by certiorari, unless there has actually been an order of taking. Gottlieb v. Town of Surfside, Fla.App., 115 So.2d 25. Petitioners contend that in Howard Johnson, Inc. of Fla. v. State Road Dept., Fla., 90 So. 2d 306, the Supreme Court authorized the discretionary issuance of a writ to review an order such as the one in this case, but our examination of tthe record in Howard Johnson shows there was, in fact, an order of taking.
As to the question of supersedeas, we have no doubt as to our power and authority to issue all writs necessary or proper to the complete exercise of our jurisdiction, including stay orders on appeal. Chambers et al. v. St. Johns County, 94 Fla. 814, 114 So. 526. Thus petitioners have available a means to maintain the status quo after final judgment.
Accordingly, the petition for writ of cer-tiorari is denied.
WIGGINTON, Acting C. J., and JOPINSON and SACK, JJ., concur.