ON MOTION TO DISMISS
RAWLS, Chief Judge.
Petitioners seek to review by certiorari an order of taking entered in an eminent domain proceeding instituted by respondent. We are here confronted with respondent’s motion to dismiss upon the principal grounds that the controverted order is an interlocutory order in a law action and is not reviewable by certiorari.
The order of taking granted possession of the lands sought to be condemned to respondent upon the condition that a designated sum of money be deposited in the registry of the court, which deposit was duly made. Thus, possession and title to the subject lands are now vested in the Canal Authority by reason of said order, and the question remaining to be resolved by final judgment is the amount of compensation to be paid to the landowners (petitioners). It is upon such a state of facts that we consider the Canal Authority’s instant motion to dismiss grounded, inter alia, upon the theory that the landowners have a full and adequate remedy by appeal after final judgment. Such a contention is obviously without merit, for the essential purpose of the talc- *302 ing is to establish a body of water designated as the “Rodman Pool” over the lands of petitioners. Once the subject lands are dug out, cleared, and flooded — all of which the Canal Authority will have the right to accomplish by virtue of the order of taking— how then can it be said that a full and adequate remedy would be available to the landowners if at a later time the appropriate appellate court determined the original taking was illegal? Or stated another way, to agree with the Canal Authority’s position would be to hold that effective appellate review could not be had as to the questions of necessity, public purpose, due process, et al. as resolved in the quick supplemental proceeding by which an order of taking is entered. We shall not concern ourselves with the merits of the landowners’ objections to the entrance of the order of taking other than to observe that justiciable legal issues were timely tendered to the trial court prior to the entrance of the subject order.
 An order of taking is not of sufficient finality from which an appeal may be taken. Wilson v. Jacksonville Expressway Authority, 110 So.2d 707 (1959). However, where a justiciable issue as to the necessity to taking is presented, the instanter vesting of title in the condemnor by the order of taking presents a decision in a law action which would merit the entertainment of a petition for certiorari. Howard Johnson, Inc. of Florida v. State Road Department, 90 So.2d 306 (1956). Our decision in State Road Department v. Bainbridge, 171 So.2d 609 (1965) is not applicable. There, the State Road Department sought review of interlocutory matters that were clearly reviewable after final judgment without material injury. Nor is the decision of this court in Georgia Southern and Florida Railway Co. v. Duval Connecting Railroad Company, November 8, 1966; Rehearing denied January 10, 1967, 193 So.2d 19, applicable, for in that cause an order of taking was not involved. Let it be clearly understood that we are not departing from the well settled principles of law defining the scope of common law certiorari as stated in Brooks v. Owen, Fla., 97 So.2d 693 (1957). However, in eminent domain cases, where the extraordinary supplemental procedure of “quick taking” of possession and title is utilized by the condemnor, and where the landowner timely presents a justiciable issue as to the legality of the talcing, we are inclined to grant “special dispensation” and entertain the petition for certiorari. We are not inclined to unduly delve into the merits of the petition upon a motion to dismiss.
The motion to dismiss is denied.
CARROLL, DONALD K., and JOHNSON, JJ., concur.