JOHNSON, Judge.
This cause was brought here as an interlocutory appeal to review an order of taking and an order denying the motion to dismiss incorporated in the appellant-defendant’s answer. Upon motion to dismiss the appeal being made by the appellee, this court elected to treat said appeal as a petition for writ of certiorari, and denied the motion to dismiss or quash the appeal.[1]
Appellant filed a brief in opposition to the motion to quash or dismiss and also a brief on its petition for writ of certiorari. Appellee filed a brief in support of its motion to dismiss, but did not file any further brief in reply to the main brief of appellant. In its brief filed in support of its motion to dismiss however, the appellee set forth two points on the merits of the case and which we will consider.
Appellant contended that the petition for condemnation did not adequately describe the land or the property sought to be acquired and the estate or interest intended to be acquired.
F.S.Section 73.021, F.S.A. prescribes in detail the necessary elements to be inserted in the pleading. The trial court determined as a matter of law, that the complaint in the instant case met these *794 requirements in denying the defendant’s motion to dismiss the petition insofar as the question of sufficiency of the pleading was raised in the first two points of defendant’s motion. We agree with the trial court on this point. The jurisdictional requirements were sufficiently alleged.
The real contention of the defendant-appellant, however, is not clearly borne out by a mere statement of the point involved as set out in appellant’s brief. To get the real point, we must look to some of the facts, which are: Camp Phosphate Company owned an old phosphate pit which was mined out as far back as 1926, and which had filled up with water and was being used for swimming, fishing and boating. Camp Phosphate also owned the lands surrounding the pit, which has been referred to as “Shaw Tower Pit.” The appellee, petitioner below, was attempting to condemn an easement over lands of the defendant, Camp Phosphate Company to a point at the edge of the Shaw Tower Pit over which it proposed to build or install a storm sewer pipe to drain overflow water from a state road project. The land over which the easement was required was properly described, but none of the pit was described. It was admitted by the petitioner that the purpose of the easement was to dump the water into the pit. It was at this point that defendant questions the right of the petitioner. Appellant’s contention is that if petitioner is going to dump water into its pit or lake, the same constituted a taking for which petitioner should be required to pay and that the pit should have been described in the eminent domain proceedings, because without the place to dump the water, there was no necessity for the taking. Considerable testimony was taken from which the trial court deducted that the taking of the parcels described in the petition was necessary for the uses therein described; that said parcels so taken were to be used as a means of transporting surface drainage waters through a drainage pipe from the road right-of-way described in the petition to other property of the defendant, appellant, which lies adjacent to and adjoining the parcels taken and that it was necessary for petitioner to dispose of said water to transport the same to and upon other property of the defendant, but that by so doing, the same did not constitute a taking of the land upon which the water is dumped.
The question, then, for us to decide is whether or not the draining of the water into Shaw Tower Pit constituted a taking?
Appellant Cites'several cases in support of its view that the act constitutes a taking, the main case appearing to be Robertson v. Brooksville & I. Ry.[2] wherein a condemnation suit was brought to condemn an easement across lands to a source of water, to lay a pipeline to obtain water. The source of the water was not included in the condemnation suit, and it was shown that no contract or agreement to permit the taking of the water from said private source had been obtained. The court said it would not be a party to a futility and that unless and until the right to take water was obtained, there was no necessity for taking the easement right of way to the water source. This case supra, does not in our opinion fit the case sub judice. There has been no showing, nor even a serious contention on the part of the appellant, that the emptying of the water into Shaw Tower Pit would actually be detrimental to appellant’s ownership and enjoyment of the pit.
In Poe v. State Road Dept., 127 So.2d 898 (Fla.App.1st, 1961) we find:
“ * * * taking under the power of eminent domain may be defined as entering upon private property for more than a momentary period and, under the warrant or color of legal authority, devoting it to a public use, or otherwise informally appropriating or injuriously affecting it in such a way as substantially to oust the owner and deprive him of all beneficial enjoyment thereof.”
*795 We believe from the record of the evidence before the trial court and now before us, that the above definition of a “taking,” when applied to the facts sub judice, is clearly against the appellant and does not constitute a taking.
What consequential damage may result is another matter and not for us to determine in this case at this time. If unforeseen and unreasonably unexpected damages develop from the result of this taking and its usage, the appellant should certainly be entitled to relief when and if such occurs.
The petition for certiorari is therefore denied.
WIGGINTON, Acting C. J., and SPEC-TOR, J., concur.

. F.S. 59.45, F.S.A.; Couse et ux. v. Canal Authority et al., 194 So.2d 301 (Fla.App.1st, 1967).

. Robertson v. Brooksville & I. Ry., 100 Fla. 195, 129 So. 582 (1930).