ON MOTION TO DISMISS
LILES, Chief Judge.
Appellee is petitioner in eminent domain proceedings brought by Dade County acting as the Dade County Port Authority to condemn certain lands for the use as an airport located partly in Dade County and partly in Collier County. The tract which is the subject of this suit is located in Collier County.
On September 13, 1968, the trial judge in Collier County issued an order of taking which appellant property owner seeks to have reviewed by way of interlocutory appeal. This suit is still pending on the condemnation issue, appellee having deposited funds into the court registry.
Appellee has moved to dismiss this interlocutory appeal and contends that since this is an action at law and the order of taking did not relate to venue or jurisdiction over the person and in all other respects is unauthorized by law an interlocutory appeal is not proper. It is correct *457 that the order does not relate to venue or jurisdiction over the person as required by former Rule 4.2.
F.A.R. 4.2, 32 F.S.A., the rule controlling interlocutory appeals, was substantially altered by the 1968 amendments to the rules, but new Rule 4.2 only applies to orders entered after September 30, 1968. In re Florida Appellate Rules, Fla.1968, 211 So.2d 198, 201. Accordingly, the former rules must control our disposition of this motion to dismiss.
An order entered by the trial court determining petitioner’s right to condemn in an eminent domain proceeding prior to the actual award of compensation and damages by the jury cannot be appealed because it does not possess sufficient finality to support a full appeal. Central Hanover Bank & Trust Co. v. Pan American Airways, Inc., 1937, 126 Fla. 736, 171 So. 808. The issue, therefore, is whether it is properly the subject of an interlocutory appeal.
Under former Rule 4.2 an order of “quick taking,” which does not relate to venue or jurisdiction, was only reviewable by common law certiorari where it did not conform to the essential requirements of law and delay in prosecuting an appeal therefrom would cause material injury for which remedy by appeal from the final judgment would be inadequate. Couse v. Canal Authority, Fla.App.1967, 194 So.2d 301; Camp Phosphate Co. v. Marion County, Fla.App.1967, 194 So.2d 302; Georgia Southern and Florida Ry. Co. v. Duval Connecting R. R. Co., Fla.App.1966, 193 So.2d 19; State Road Dept. v. Bainbridge, Fla.App.1965, 171 So.2d 609. The facts in the present case do not indicate, however, that delay in appealing would materially harm appellants, especially since they have offered to convey those portions of their land over which appellee intends to actually conduct any activity in the immediate future to appellee free of charge.
Since our decision is controlled by former Rule 4.2 we do not pass upon whether the trial judge’s determination of the necessity of taking in an eminent domain proceeding prior to submission of the issue of compensation and damages to the jury is an appealable interlocutory “partial summary judgment on liability” within the meaning of F.A.R. 4.2, subd. a, as amended effective October 1, 1968.
The motion to dismiss is granted and the appeal is dismissed.
HOBSON and MANN, JJ., concur.