234 So.2d 381 (1970)
EMPLOYERS FIRE INSURANCE COMPANY, a Corporation, and Henry G. Crowder, Inc., D/B/a Gulf Lane Motel, Petitioners,
v.
Richard E. BLANCHARD, Jr., a Minor, by His Next Friend and Father, Dr. Richard E. Blanchard, Sr., and Dr. Richard E. Blanchard, Sr., Individually, Respondents.
No. 69-707.
District Court of Appeal of Florida, Second District.
April 17, 1970.
H. Shelton Philips, of Ramseur, Bradham, Lyle, Skipper & Cramer, St. Petersburg, for petitioners.
William R. Hapner, Jr., of Rood, Hapner & Rivers, Tampa, for respondents.
PIERCE, Judge.
In this case petitioners seek to have us review by common law certiorari an order entered by the Pinellas County Circuit Court in an action seeking damages.
Respondents Richard E. Blanchard, Jr., a minor, by his next friend and father, Dr. Richard E. Blanchard, Sr., and the father individually, as plaintiffs in the lower Court, filed amended complaint against Employers Fire Insurance Company, a corporation, and Henry G. Crowder, Inc., d/b/a Gulf Lane Motel, alleging in substance that, on June 8, 1967, young Blanchard, while a guest at Gulf Lane Motel at Indian Rocks Beach, owned by the Crowder corporation, walked out to the end of a pier built and used for the benefit of the motel's guests and dived into the murky gulf waters, only to learn too late that the water at that point was quite shallow, *382 causing him to be severely injured when he struck bottom. Carelessness on the part of the motel owner in failing to warn the guests of the shallow condition of the water at that point was alleged as the proximate cause of the injuries. The liability insurance carrier for the motel was made a defendant on the theory of contractual liability.
All defendants joined in a motion to dismiss the amended complaint, setting up three general defenses: (1) insufficient facts were alleged to show a maritime tort so as to invoke admiralty jurisdiction; (2) the allegations were insufficient to show "any duty or breach thereof sufficient in law to permit recovery", and (3) the insurance carrier could not be joined as an original defendant.
The Court entered a rather peculiar order, dealing with each contention set up in the motion separately. The Court held (1) that admiralty law did not apply because the pier or dock was "a structure firmly attached to the land", (2) the amended complaint failed to allege that the defendants "knew or should have known that the alleged dangerous condition existed", and (3) that the insurance carrier was properly joined under the Supreme Court's decision in Shingleton v. Bussey, Fla. 1969, 223 So.2d 713. It was thereupon ordered that "the Amended Complaint be and the same is hereby dismissed with leave to Plaintiffs to amend against all Defendants within 20 days of this Order". This is the Order that the defendants petition this Court by common law certiorari to review and quash. We deny the petition for the writ.
In the first place, this is not a proper case to justify common law certiorari. This 2nd District Court has in numerous similar cases denied issuance of the writ and dismissed the petition without opinion. The abundance of judicial authority dispenses with further opinion-writing on the point.
Certiorari to review an interlocutory order, entered in an action at law other than one relating to venue or personal jurisdiction, will be granted only in those cases in which it clearly appears that there is no full, adequate and complete remedy available to the petitioner by appeal after final judgment. Taylor v. Board of Public Instruction of Duval County, Fla.App. 1961, 131 So.2d 504; Boucher v. Pure Oil Company, Fla.App. 1957, 101 So.2d 408; Gottlieb v. Town of Surfside, Fla.App. 1959, 115 So.2d 25; Easley v. Garden Sanctuary, Inc., Fla.App. 1960, 120 So.2d 59, 70 A.L.R.2d 1199; White v. Spears, Fla.App. 1960, 123 So.2d 689; Riedel v. Driscoll, Fla.App. 1964, 127 So.2d 924; Pullman Company v. Fleishel, Fla.App. 1958, 101 So.2d 188; Suez Co. v. Hodgins, Fla.App. 1962, 137 So.2d 231; Izquierdo v. Miramar Motors, Inc., Fla.App. 1963, 155 So.2d 420; Bloomfield v. Mayo, Fla.App. 1960, 119 So.2d 417.
The instant interlocutory order is not possessed of any of the characteristics which would make it reviewable by common law certiorari under the rationale of the myriad of appellate decisions exemplified by the foregoing cited authorities.
Peculiarly enough, however, petitioners here are asking us to review and quash an order which was actually in their favor, namely, an order granting their motion to dismiss the amended complaint. It is true that some of the grounds of the motion to dismiss were denied, but one ground of substance was upheld; so the force and impact of the order entered, as well as the express language of it, was to dismiss the amended complaint. This was precisely, and all, that was sought by the motion to dismiss. It is elementary that a party cannot appeal from, or file any proceedings to review, an order or judgment in his favor. Paul v. Kanter, Fla.App. 1963, 155 So.2d 402; In re Rose's Estate, Fla.App. 1964, 165 So.2d 226; Akins v. Bethea, Fla. 1948, 33 So.2d 638; Evans v. Green, 1938, 132 Fla. 469, 180 So. 753; *383 Lovett v. Lovett, 1927, 93 Fla. 611, 112 So. 768; State Road Department of Florida v. Zetrouer, 1932, 105 Fla. 650, 142 So. 217; North Shore Bank v. Town of Surfside, Fla. 1954, 72 So.2d 659.
The recital in the order granting the motion to dismiss which sanctions the joining of the insurance carrier as a party defendant was correct under the Supreme Court case of Shingleton v. Bussey, Fla. 1969, 223 So.2d 713, and the recent First District Court case of Beta Eta House Corporation v. Gregory, Fla.App. 1970, 230 So.2d 495, although gratuituous and unnecessary since the motion to dismiss had to be granted on another ground.
The petition for common law certiorari is denied and this proceeding dismissed.
HOBSON, C.J., and LILES, J., concur.