301 So.2d 795 (1974)
Willis JACKSON, On Behalf of Himself and Others Similarly Situated, Appellant,
v.
ALTERMAN TRANSPORT LINES, INC., a Florida Corporation, Individually and On Behalf of Others Similarly Situated, Appellee.
No. 73-1150.
District Court of Appeal of Florida, Third District.
October 8, 1974.
Rehearing Denied November 5, 1974.
Phillip M. Gerson, Miami, for appellant.
Preddy, Haddad, Kutner & Hardy, Podhurst, Orseck & Parks, Miami, for appellee.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
*796 NATHAN, Judge.
Appellant, plaintiff in the trial court, appeals an order of the circuit court granting a summary judgment in favor of the defendant-appellee on his amended complaint. He also seeks review of a prior order dismissing the original complaint.
Appellant's original complaint was in the form of a class action brought on behalf of all "employees" from whose salaries monies were deducted for workmen's compensation insurance.
In February of 1973, the court dismissed this complaint for failure to make a claim upon which relief may be granted on a class action basis because plaintiff-appellant had voluntarily removed himself from the class he wished to represent by terminating his relationship with appellee. Appellant took no interlocutory appeal from that order. He filed an amended complaint, sans class action, and is now appealing the subsequent order of final summary judgment in favor of the defendant-appellant on the amended complaint.
Appellee contends that review of the order of dismissal of February, 1973, as to the class action, is untimely and, therefore, we do not have jurisdiction to entertain this issue. We do not agree. This order, granting a motion to dismiss the complaint, is interlocutory. Although final in form, such an order is now reviewable on appeal from the subsequent judgment finally adjudicating the entire cause or complaint. Goldfarb v. Bronston, 1944, 154 Fla. 180, 17 So.2d 300; Raphael v. Carner, Fla.App. 1967, 194 So.2d 298.
It is our view that the complaint did not allege facts sufficient to establish the plaintiff-appellant's right to maintain this action as a class suit because he removed himself from the class; therefore, the motion to dismiss was properly granted. Syna v. Shell Oil Co., Fla.App. 1970, 241 So.2d 458. See also Harrell v. Hess Oil & Chemical Corporation, Fla. 1973, 287 So.2d 291; Port Royal, Inc., v. Conboy, Fla.App. 1963, 154 So.2d 734; Hendler v. Rodgers House Condominium, Inc., Fla. App. 1970, 234 So.2d 128; Watnick v. Florida Commercial Banks, Inc., Fla.App. 1973, 275 So.2d 278; Federated Department Stores, Inc., v. Pasco, Fla.App. 1973, 275 So.2d 46.
We now consider the other point raised on appeal; the propriety of the summary judgment entered by the trial court. Summary Judgment is to be granted when, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Weinstein v. General Accident Fire & Life Assurance Company Limited, Fla.App. 1963, 141 So.2d 318. The trial court made a finding of fact in the final summary judgment that the status of plaintiff-appellant was that of an independent contractor rather than an employee, and, therefore, deducting monies from his salary for workmen's compensation insurance would not have been a violation of Ch. 440, Florida Statutes, which was the basis for his cause of action. We find from careful review of the record that a genuine issue of material fact does exist, to-wit, whether he was an independent contractor or an employee.
Therefore, the final summary judgment appealed from is reversed. While not passing on the merits of the other counts of the amended complaint pertaining to punitive damages, fraud and accounting of funds, it necessarily follows that these remaining issues shall be considered in the trial of this cause.
Affirmed in part, reversed in part and remanded to the trial court for further proceedings consistent herewith.