363 So.2d 866 (1978)
CEMENT PRODUCTS CORPORATION OF SARASOTA, INC., Petitioner,
v.
DIVISION OF ADMINISTRATION, State of Florida, DEPARTMENT OF TRANSPORTATION, Respondent.
No. 78-100.
District Court of Appeal of Florida, Second District.
November 1, 1978.
Granville H. Crabtree, Jr., of Crabtree, Butler, Syprett, & Meshad, P.A., Sarasota, for petitioner.
Margaret-Ray Kemper, Jeffrey H. Savlov, Alan E. DeSerio and H. Reynolds Sampson, Tallahassee, for respondent.
RYDER, Judge.
The respondent filed eminent domain proceedings pursuant to Chapters 73 and 74, Florida Statutes (1977) to condemn certain property situated in Manatee County, including a portion of the property owned by petitioner herein. An order of taking was signed by the trial court on October 27, 1977 and recorded on November 9, 1977. On November 7, 1977 the petitioner filed a motion for rehearing of the order of taking. An order denying the motion for rehearing was rendered on December 20, 1977. Thereafter, on January 17, 1978 the petitioner filed this petition for writ of certiorari seeking review of the order of taking and the denial of the motion for rehearing.
Upon review of the record and briefs filed herein, as well as the oral arguments of the parties, we conclude that the petition for writ of certiorari was untimely filed. Consequently, this court lacks jurisdiction, and the petition must be dismissed.
It is settled law that an order of taking entered in an eminent domain proceeding pursuant to Chapter 74 is not final, but rather is interlocutory in nature. See, e.g., Central Hanover Bank & Trust Co. v. Pan American Airways, Inc., 126 Fla. 736, 171 So. 808 (1937); Trien v. Dade County, 222 So.2d 456 (Fla. 2d DCA 1969). Furthermore, an order of taking is not an interlocutory order which is directly appealable under Fla.R.App.P. 4.2, 1962 Revision [the rules applicable herein]. Review, therefore, *867 must be by way of petition for certiorari. Trien v. Dade County, supra.[1]
As we have said, the order of taking was an interlocutory order. The Florida Rules of Civil Procedure do not allow motions for rehearing of interlocutory orders. Fla.R.Civ.P. 1.530(a). See also Wagner v. Bieley, Wagner & Associates, Inc., 263 So.2d 1 (Fla. 1972). An unauthorized and improper motion for rehearing, as in the instant case, does not operate to toll the time for filing a petition for a writ of certiorari. Wagner v. Bieley, Wagner & Associates, Inc., supra.
Accordingly, since the order of taking was rendered on November 9, 1977 and the petition for certiorari was not filed in this court until January 17, 1978, it is manifest that the petition was not filed within thirty days from the rendition of said order as required by Fla.R.App.P. 4.5 c. As a result, this court lacks jurisdiction.
Accordingly, this petition for writ of certiorari is hereby DISMISSED.
HOBSON, Acting C.J., and DANAHY, J., concur.
NOTES
[1] We note in passing that Fla.R.App.P. 9.130(a)(3)(C)(ii), 1977 Revision, permits a direct interlocutory appeal of non-final orders which determine the right to immediate possession of property, including orders of taking in eminent domain cases. Of course, the requirement of timely filing of such an interlocutory appeal under the new rule (applicable to proceedings commenced in this court after March 1, 1978) still exists.