St. Petersburg Novelty Works, a Corporation, *Plaintiffs in Error*, v. E. L. Battle and L. M. Battle, Joined by Their Respective Husbands, G. C. Battle and F. S. Battle, *Defendants in Error*.

### Opinion Filed November 4, 1913.

1. Pleas, duly verified and filed, violative of no statute or rule of court, should not, in general, be stricken from the file, unless wholly irrelevant, inapplicable or trifling.          .

2. The statutory form for declarations on promissory notes is not subject to demurrer.          ,

3. The limited defenses under the Negotiable Instrument Law, as against holders for value, do not apply when the note remains in the hands of the payee until after maturity.

Writ of error to Circuit Court, Pinellas County; F. M. Robles, Judge.

Judgment reversed.

*R. L. Anderson*, and *T M. Shackleford, Jr.*, for Plaintiffs in error;

*James Booth* and *Dayton & Dayton*, for Defendants in error.

Cockrell, J.—In an action on a promissory note, given by the St. Petersburg Novelty Works to E. L. & L. M. Battle, the corporation interposed in due course, various pleas and defenses as equitable grounds, which were stricken by the court, and final judgment upon the note was then entered.

The defensive matter so sought to be pleaded will be restated briefly.

The note was given as a periodical payment for logs delivered by the Battles under a contract to deliver each month for twelve months, two hundred thousand feet of lumber of certain specifications at ten dollars per thousand feet; that the contract was originally made by the husbands G. C and F. S. Battle, but transferred by them to their wives to whom this note was made payable; that the transfer was a mere sham and that the husbands continued to be the real parties in interest and control; that during the life of the contract the husbands and after the giving of the note the husbands, who are insolvent, wilfully breached the contract, the market price of lumber having advanced considerably beyond the contract price, thereby entailing a loss upon the defendant corporation far in excess of the amount involved in the note in this action.

The pleas may be defective in form, and may also be faulty in asking for a judgment over as against the husbands, the nominal plaintiffs, but such aspects and faults, may be subject to attack by demurrer or be remedied by compulsory amendment, but we do not find them so wholly bad as to warrant the drastic remedy applied.

We have frequently pointed out the distinctions in practice to be observed by the trial courts. A plea, duly verified and filed, that violates no statute or rule of court, must be wholly irrelevant, inapplicable or trifling to be stricken from the files. We do not mean that pleas may be multiplied by various fine distinctions, to the embarrassment of justice and the court be helpless to protect itself, nor that the the court may not prevent the encumbering of the record by special pleas covered by other pleas; but we would emphasize the right of a party to plead in an

orderly, respectful way his case before the court, and to have its legal sufficiency tested in the orderly regular method.

The pleader in the case now before us has evidently been greatly perplexed in framing his defense, and we do not say that he has been successful, should his pleadings be challenged by proper demurrers or motions for compulsory amendment. While this court has recognized the power of the Legislature to permit defenses on equitable grounds in common law actions, it has likewise pointed out the limitations and difficulties in the way, and we may again suggest that a bill of complaint to enjoin the common law action, is a proceeding far simpler in our practice, productive of more far-reaching permanent benefit, if successful, and especially appropriate to the peculiar complications in the instant case.

Some minor points may be noticed. The declaration is in the statutory form, and we do not see why the Legislature may not dispense with the necessity of alleging in a declaration, the omissions from the common law form alluded to in the demurrer.

We do not see that the Negotiable Instrument Law cuts any figure. The declaration does not allege facts showing the note to be negotiable, and the note attached thereto is not by apt words made part of it. Again the note after maturity is in the hands of the original payee, and apparently has never been negotiated, in the meaning of the act, so as to cut off defenses as between the original parties.

Judgment reversed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.