120 So.2d 59 (1960)
John EASLEY and Dawson Sneed, d/b/a a Partnership, Cemetery Consultants, Easley & Sneed, Appellants,
v.
THE GARDEN SANCTUARY, INC., a Corporation, John O'Brien, Individually, and Maurice Schuh, Individually, Appellees.
No. 1177.
District Court of Appeal of Florida. Second District.
April 20, 1960.
*60 Samuel C. Craven, St. Petersburg, for appellants.
Carey and Harrison, St. Petersburg, for appellees.
KANNER, Acting Chief Judge.
Appellants brought in the circuit court of Pinellas County an action at law for damages grounded upon three counts. The complaint alleged that appellants had entered into an oral agreement with the appellees to handle exclusively a sales program of cemetery crypts to be located in the land of appellees set aside for burial purposes, and that they, the appellants, had performed everything required of them under the oral agreement but that appellees had refused to comply with its terms. Count one of the complaint was for money in the sum of $2,069.00 claimed to have been earned for commissions in the sale of cemetery crypts; count two was in the sum of $500.00 for consultation services rendered in connection with the cemetery development; and count three was for loss of anticipated profits in the sum of $614,295.60, had the appellees not breached the contract.
To the complaint in its entirety appellees filed a motion to dismiss, and they also filed a motion to strike the third count of the complaint. The trial court withheld ruling on the motion to dismiss, entered an order granting the motion to strike the third count and transferred the cause to *61 the Civil and Criminal Court of Record of Pinellas County. It is apparent that the motion to strike was granted because the third count stated no basis for recovery. The reason expressed for the transfer was that the amounts involved after granting motion to strike the third count were not within the jurisdiction of the circuit court. The pertinent portions of the order read:
"It Is Therefore Ordered And Adjudged that defendants' motion to strike be, and the same is hereby, granted.
"It Is Further Ordered And Adjudged that the above-styled cause be, and the same is hereby, transferred to the Civil and Criminal Court of Record in and for Pinellas County, Florida, and the Clerk of the above-styled Court is hereby directed to transfer said cause to the said Civil and Criminal Court of Record."
It is the propriety of this ruling, both as to granting the motion to strike the third count and as to transferring the cause, which is questioned here through the route of appeal.
Appellees filed motion to dismiss the appeal on the premise that the order is non-appealable because it is not a final judgment. Argument on this motion, as well as upon the merits of the appeal, were heard at the same time, and briefs were filed comprehending both of these phases.
There has been no final adjudication such as will support an appeal. That part of the order granting the motion to strike the third count does not constitute a final adjudication. Chastain v. Embry, Fla.App. 1960, 118 So.2d 33; and Renard v. Kirkeby Hotels, Fla.App. 1958, 99 So.2d 719. The part of the order concerning transfer, although in one sense final, is in another sense interlocutory in nature. See Tantillo v. Miliman, Fla. 1956, 87 So.2d 413. Appeals at common law may be taken only from final adjudications, except that interlocutory appeals may be prosecuted from orders at common law relating to venue or jurisdiction over the person. Rule 4.2(a), Florida Appellate Rules, 31 F.S.A.
The question then presents itself whether the remedy of common law certiorari is available. It may be observed in the Tantillo v. Miliman case that the circuit judge declared a mistrial and transferred the case to the Civil and Criminal Court of Record of Dade County on the ground that the amount involved was insufficient to vest in the circuit court jurisdiction of the cause. The Supreme Court held that this action was reviewable by certiorari since, although the controversy was concluded so far as the circuit court was concerned, there had been no such adjudication as would support an appeal. The Supreme Court further stated that the order of transfer was not in a true sense interlocutory because, if it had been correctly entered, all future jurisdiction would be exercised by an entirely different court. In effect, the court held in that case that there was a failure to follow essential requirements of law with respect to determination of the jurisdictional amount, and it issued the writ and quashed the order with directions to reinstate the case.
The common law writ of certiorari is a discretionary writ and ordinarily will not be allowed by an appellate court to review an interlocutory order in an action at law since such an order may be corrected through appeal; but it is only in an exceptional case, as where the lower court acts without and in excess of its jurisdiction, or where an interlocutory order does not conform to essential requirements of law and may cause material injury throughout subsequent proceedings for which the remedy of appeal will be inadequate, that an appellate court will exercise discretionary power to issue such writ. Kauffman v. King, Fla. 1956, 89 So.2d 24.
In the very recent case of Kautzman v. Bandler, Fla.App. 1960, 118 So.2d 256, an *62 appeal was taken to the third district court of appeal in a negligence action from an order of the circuit court wherein the action was transferred from that court to the civil court of record due to lack of jurisdiction because of the insufficiency of the amount involved. The third district court ruled that the order appealed from was interlocutory and therefore appeal would not lie. However, the court held that certiorari was the appropriate remedy, and the appeal was treated as a petition for certiorari and upon consideration was denied.
In the instant case the effect of the circuit judge's ruling is to vest all further jurisdiction in another court. Since the order does not possess the attributes of finality as is necessary to support an appeal, and since the trial judge's ruling transfers completely all future jurisdiction to another independent court, appellants will be deprived of any right of review from the circuit judge's ruling unless the remedy of common law certiorari may be utilized. We hold, therefore, that the method of review should not be via appeal, but rather the remedy for review available here is through petition for a writ of common law certiorari. Holding this view, we treat the notice of appeal, together with the record, as such a petition. Upon this determination and having carefully considered the notice of appeal, with the record, as a petition for common law writ of certiorari, we conclude that it should be and it is hereby denied.
SEBRING, HAROLD L., Associate Judge, concurs.
SHANNON, J., concurs in part and dissents in part.
SHANNON, Judge (concurring in part and dissenting in part).
I agree with the majority on the ultimate conclusion of this case, but I must disagree with their conclusion that they must treat this as a petition for certiorari rather than an appeal. Plaintiff sought to follow the route of appeal, and I think his procedure was correct.
As the majority stated, the only issue concerned dismissing the plaintiff's third count. This reduced the damages sought below the jurisdictional minimum of the circuit court, and the case was transferred to the civil and criminal court of record. As far as the circuit court was concerned, this ended the controversy. Under the theory of the majority opinion, unless certiorari were granted, this also ended plaintiff's third count.
To hold that this dismissal can be reviewed only by certiorari denies plaintiff the inherent protection that one appeal is a matter of right. Plaintiff is now forced to obtain the discretionary writ of certiorari before the ruling on his third count can be reviewed and it is contrary to the intent of our appellate procedure to force plaintiff to this extreme. I feel we are bound to the principle that one appeal is a matter of right. Fla. Const. Art. V, § 5 (3), F.S.A.; Fla. Stat. § 59.01(4), F.S.A.
Appeals from actions at law, however, are allowed only from final adjudications and the first issue is whether or not this order was a final one. I cannot see how it can be otherwise considered. The accepted test of finality in this respect is "whether the judicial labor is at an end." Slatcoff v. Dezen, Fla. 1954, 72 So.2d 800, 801; Wolf v. Cleveland Electric Co., Inc., Fla. 1952, 58 So.2d 153. As far as plaintiff's third count is concerned, and as far as proceedings in the circuit court are concerned, there is nothing further left to do. This phase of the case is closed, and it is impossible to see any further judicial labor. In this conclusion I feel that I am supported by the recent case of Beck v. Barnett National Bank of Jacksonville, Fla.App. 1960, 117 So.2d 45. That case concerned whether or not appeal would lie to review an order transferring a case from law to equity. Judge Wigginton and the First *63 District Court of Appeal held that appeal was proper, saying at page 48:
"By its order appealed from the trial court transferred the cause from the law side to the equity side of the court. This order effectively terminated the litigation insofar as it constituted an action at law. If the order is affirmed, no further orders or judgments will be entered in the cause on the law side of the court. The order is in truth and in fact a final adjudication of appellant's right to a determination of his cause of action at law. As such, the order constitutes a final judgment from which direct appeal may be taken. We have so treated this appeal, despite the fact that it is entitled by appellant as an interlocutory appeal."
In the instant case, of course, the transfer was not from law to equity, but rather to an inferior court. The finality of the order, however, is just as binding.
The majority discusses in its opinion the case of Tantillo v. Miliman, Fla. 1956, 87 So.2d 413. The Supreme Court was faced there with a problem very similar to ours, with the exception that in that case the plaintiffs sought certiorari, not appeal, from the start. Under the appellate procedure in use at that time, a peculiar situation existed in that the very court which ordered the case transferred to the civil court of record would also review the proceedings on appeal. The opinion clearly reflects the way this fact disturbed the Supreme Court, and Justice Thomas discussed it at page 414 in the following manner:
"* * * If the petition for certiorari is not entertained, the petitioners will have no choice but to enter the civil court of record, secure an adjudication, and if unfavorable, then be required to return for review to the very court which had sent them there. In the event of an adverse ruling in the circuit court, then acting as an appellate court, there could be no final review in the supreme court except via certiorari. This possible circuitous route convinces us that we should entertain the petition and decide whether or not the petitioners have sufficiently shown that the circuit judge failed to observe the essential requirements of law and justice when he entered the order of transfer. * * *."
And the plaintiff was thereupon granted the certiorari he requested.
Since the Tantillo case, supra, the appellate procedure has been changed by the adoption of the new Article V of the Constitution which created the District Courts of Appeal. In the case of Rosenblum v. Boss, Fla.App. 1958, 101 So.2d 596, the Third District Court of Appeal held that Section 33.11, Fla. Stat. no longer can serve to confer jurisdiction upon circuit courts over appeals from civil courts of record, and that under the present constitutional provision Districts Courts of Appeal rather than circuit courts have jurisdiction of appeals, filed on or after July 1, 1957, from civil courts of record.
From this I conclude that the change in our appellate procedure has changed the key problem in the Tantillo case, supra, and that the circuit court no longer stands in danger of occupying the dual role of first transferring a case to the civil court of record and then sitting in review of that court's decision.
By treating this appeal as a petition for certiorari, the court is bound by the rules pertaining to certiorari; whereas, if we treat it as an appeal the court can review the question in all its aspects. The majority holds that review of this order can only be done by certiorari, at the discretion of this court. To me, this is entirely inconsistent with our principle of appeal as a right. By treating this appeal as a petition for certiorari the next question that will perplex the appellant, if he wins in the civil court of record, is his right to appeal *64 the third count which was dismissed by the circuit court. The order striking the third count and transferring this case to the civil and criminal court of record has all the aspects of finality that are necessary to support an appeal at this time, and I cannot agree with the majority opinion which holds that the order is not final, although I do agree that the lower court's action in striking the third count is correct.