PER CURIAM.
The above causes both seek review of a combined order of a circuit judge in a common law action, striking three paragraphs of the plaintiff’s complaint, granting a summary judgment as to punitive damages and as to compensatory damages sought in the stricken paragraphs, and transferring the cause to the Civil Court of Record. These appeals have previously been consolidated by order of this court with directions to proceed as a “regular” appeal. This order was entered prior to the record on appeal being filed in this cause, pursuant to a stipulation by counsel. After examining the record, briefs and hearing oral argument, these actions seeking review of an interlocutory order in a common law action will be considered as petitions for certiorari, as authorized by § 59.45, Fla. Stat., F.S.A.; Tantillo v. Miliman, Fla. 1956, 87 So.2d 413; Kautzman v. Bandler, Fla.App.1960, 118 So.2d 256; Easley v. The Garden Sanctuary, Inc., Fla.App.1960, 120 So.2d 59, 78 A.L.R.2d 1199. The court’s prior opinion, dated December 18, 1961 treating this review as a “regular” appeal, has been withdrawn in lieu of this opinion.
 Having considered the briefs, record on appeal and oral argument as a petition for certiorari to review the complained of order, it appears that the trial judge’s order striking Paragraphs 5, 6 and 7 from the complaint and awarding a summary judgment as to compensatory damages was erroneous. The motion to strike being addressed to the complained of paragraphs in their entirety, if any of the allegations contained in said paragraphs are relevant the motion to strike should have been denied. See: McIver & McKay v. Croom, 60 Fla. 123, 53 So. 545; Southern Turpentine Co. v. Douglass, 61 Fla. 424, 54 So. 385; St. Petersburg Novelty Works v. Battle, 66 Fla. 303, 63 So. 445; Randall v. Mickle, 103 Fla. 1229, 138 So. 14, 141 So. 317, 86 A.L.R. 804; Batchelder v. Prestman, 103 Fla. 852, 138 So. 473; 25 Fla.Jur., Pleadings, §§ 131, 132. An examination of the complained of paragraphs discloses that they do contain allegations which would be material to the compensatory loss alleged by the plaintiff and, therefore, it was error to strike the paragraphs in their entirety, as said paragraphs contain allegations sufficient to support an award of compensatory loss to the plaintiff if same can be established.
The petition for certiorari is granted, and so much of the order as struck Paragraphs 5, 6 and 7 from the complaint and *587 awarded the defendant a summary judgment as to compensatory damages sought by these paragraphs is hereby quashed.
Certiorari granted; portions' of order quashed.