PER CURIAM.
The defendant seeks review of the adverse summary final judgment entered in an action involving its alleged breach of an escrow agreement.
The plaintiff brought suit against the defendant seeking to recover the proceeds of a check for $40,000. The complaint alleged in substance that in order to facilitate the closing of a real estate transaction with a third party, plaintiff deposited the check in escrow with the defendant. It further alleged that when the plaintiff’s offer to purchase was rejected by the third party, its demand for return of the $40,000, to which it was unconditionally entitled, was refused by the defendant. A copy of the check was attached to the complaint. It was made payable to the defendant and bore the signatures, as drawers, of the plaintiff’s president and vice president. It bore no endorsements and no notation relative to the purpose for which it was drawn.
The defendant’s answer, as amended, admitted receipt of the check but denied the remaining allegations of the complaint. As affirmative defenses, the defendant alleged that it was a holder in due course and that the check was given not to effectuate the closing of a real estate transaction, but in payment of a debt due the defendant from Thurman A. Whiteside. Whiteside, now deceased, was the plaintiff’s attorney and had delivered the check to the defendant.
The plaintiff deposed the defendant’s former president who testified that he became involved in a business deal with Whiteside which resulted in Whiteside’s becoming indebted to the defendant in the amount of $10,000, and to the Dade-Com-monwealth Mortgage Company, defendant’s affiliate, in the amount of $30,000. He also testified that he accepted the check in question from Whiteside in payment of these debts. His testimony affirmatively indicates that there was no bargain or agreement between plaintiff and defendant that the check was given by the plaintiff in consideration for the cancellation of Whiteside’s debt. There was no agreement between the parties as to just why the check was given to the defendant. The check was not negotiated to the defendant by Whiteside.
The defendant deposed the plaintiff’s officers and real estate agent as well as the party with whom the plaintiff was allegedly negotiating for the purchase of real estate. The substance of their testimony was that the plaintiff had offered to purchase a tract of land. To facilitate negotiations it made out the check in question and gave it to *715 Whiteside who was to deposit it in escrow with the defendant. When its offer was rejected, plaintiff made a demand for return of the money which was refused by the defendant.
Subsequently, the plaintiff moved for summary judgment. The defendant filed the affidavit of its former president in opposition to the motion. After some intermediate skirmishing, hearing was held on the motion, at which the trial court had before it the pleadings, affidavit and depositions on file. After hearing, the trial court entered the order appealed granting summary final judgment in favor of the plaintiff in the amount of $40,000, plus interest.
The appellant contends that the trial court erred in granting summary judgment since there are present in this case genuine issues of material fact.
While there are present in this case obvious issues of fact engendered by the conflicting versions of the same events, they are not such "material issues of fact” as would be preclusive of summary adjudication since under either version the plaintiff would be entitled to a judgment as a matter of law. That version offered by the plaintiff, if accepted as true, is more than sufficient to support its claim. That version offered by the defendant to support its affirmative defense, if accepted as true, renders the defense without legal merit for it affirmatively evidences the total absence of any bargain or agreement between the parties to the effect that the check was given to the defendant in return for its cancellation of Whiteside’s debt. Consequently, under this version, the check was not supported by lawful consideration. See Tampa Northern R. Co. v. City of Tampa, 104 Fla. 481, 140 So. 311, 141 So. 298; Blackshear Mfg. Co. v. Fralick, 88 Fla. 589, 102 So. 753; Restatement of the Law, Contracts, § 75. If it appears to the trial court that an asserted claim is without merit in law and nothing could be accomplished by submitting immaterial issues to a jury, then a summary judgment should be granted. See Williams v. Joseph L. Rozier Machinery Co., Fla.App. 1961, 135 So.2d 763; Rawls v. Ziegler, Fla. 1958, 107 So.2d 601; Sawyer Industries v. Advertects, Inc., Fla.1951, 54 So.2d 692; Rule 1.36(c), Florida Rules of Civil Procedure, 30 F.S.A. The trial judge was correct in granting the summary judgment inasmuch as there appeared no material issues of fact a determination of which would absolve the defendant from liability.
We have considered the appellant’s remaining contentions, including the contention that it was a holder in due course,[1] and find them to be without merit. Accordingly, the judgment appealed is affirmed.
Affirmed.

. It has been held in Florida that a payee cannot be a holder in due course since the instrument has never been negotiated to him in the meaning of the act. St. Petersburg Novelty Works v. Battle, 66 Fla. 303, 63 So. 445; § 674.54, Fla.Stat., F.S.A.