PEARSON, TILLMAN, Judge.
The appellant was the defendant in the trial court. He appeals a summary final judgment entered upon a complaint, affidavit of the plaintiff and affidavit of the defendant. The motion for summary judgment was made before answer was due since there was pending defendant’s motion to dismiss the complaint.
We have had occasion previously to express the caution which should be exercised in granting plaintiff’s motion for summary judgment before defendant has answered. See Olins Inc. v. Avis Rental Car System of Florida, Fla.App. 1958, 105 So.2d 497, 498, wherein the following is contained :
“When a trial court has for consideration a plaintiff’s motion for summary judgment before the defendant has answered, the summary judgment should not be granted unless it is clear that an issue of material fact can not be presented. See Moore’s Federal Practice, § 56.07, p. 2044. Cf. Ludlow *913 Mfg. & Sales Co. v. Textile Workers Union, D.C.Del., 108 F.Supp. 45, 51.
“In dealing with such a question under the equivalent Federal Rule 56, 28 U.S.C.A., this point was elaborated on in Stuart Inv. Co. v. Westinghouse Electric Corp., D.C.Neb., 11 F.R.D. 277, 280, as follows:
“ 1 * * * But although a motion by a claimant for summary judgment, served before the service of answer to his complaint may not be denied on the ground that it is necessarily and inevitably tendered too early, the general cautions against the allowance of such motions mentioned in the preceding paragraph must be kept in view. And within their teaching, a court must not grant a summary judgment upon motion therefor tendered before the service of an answer, unless in the situation presented, it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of fact.’ ’’
The plaintiff-appellee brought his complaint at law upon an alleged indebtedness evidenced by several checks which were received and cashed by the defendant. In his affidavit in support of motion for summary final judgment he set forth:
“That I, ALBERT E. LICHTENSTEIN, lent the defendant, William R. Wallens, the aggregate sum of THIRTY THOUSAND AND NO/ 100 ($30,000) DOLLARS as evidenced by my checks made payable to the order of the defendant, which he cashed and endorsed (copies of which are respectively marked ‘Exhibit A’, ‘Exhibit B’, and ‘Exhibit C’ as attachments to the complaint in this cause). The aggregate sum was lent to the defendant by me on the dates reflected on the aforementioned checks * *
In opposition to the motion the defendant-appellant by affidavit set forth that the transaction was not a loan but that the money was advanced to him under an agreement whereby the plaintiff agreed to advance a total sum of $75,000 in return for a 40% interest in a water reclamation system which was being developed by defendant. It was further set forth that the interest of the plaintiff was to come into being “if and when” the system was developed by defendant. The affidavit also contained other allegations but we believe the above is sufficient to understand the positions of the parties.
The trial judge entered summary judgment and appellee suggests that he was. entitled to the judgment under the decision of this court in Dade-Commonwealth Title Insurance Co. v. Biscayne Kennel Club, Inc., Fla.App.1962, 143 So.2d 713. In that case we affirmed a summary judgment upon the following ground:
“That version offered by the plaintiff, if accepted as true, is more than sufficient to support its claim. That version offered by the defendant to support its affirmative defense, if accepted as true, renders the defense without legal merit for it affirmatively evidences the total absence of any bargain or agreement between the parties to the effect that the check was given to the defendant in return for its cancellation of Whiteside’s debt. Consequently, under this version, the check was not supported by lawful consideration.”
We think that the cited case does not apply in the present instance. First, because of the great care which must be exercised in granting a summary judgment for plaintiff prior to defendant’s answer; and second, because the facts set forth in defendant-appellant’s affidavit in the instant case are not such as to affirmatively establish a total lack of consideration.
The appellee’s position is that, because the defendant stated in his affidavit that the total sum advanced was to be in return for a 40% interest if and when the *914 system was‘-developed by the defendant, this constitutes the whole agreement of the parties; therefore, the court must hold as a matter of law that there was no consideration for the $30,000 advanced. Such a holding would do violence to the rule that upon a motion for summary judgment all proper inferences must be indulged in favor of the party moved against. Delany v. Breeding’s Homestead Drug Co., Fla.1957, 93 So.2d 116, 119.
We therefore hold that it does not affirmatively appear that the defendant’s version of the transaction is legally worthless. The defendant must, therefore, be given an opportunity to answer the complaint. The legal effect of this answer may, of course, be tested and, also, if it is made to appear that the allegations of the answer are without basis in fact then a second motion for summary judgment may be proper.
Reversed and remanded.