PER CURIAM.
The appellants, who were plaintiffs below, appeal from an order dismissing with prejudice counts one and two of their three-count complaint in an action at law. The lower court refused to dismiss count three, which was based on negligence, and ordered the defendant to answer. Counts one and two were based on the theory of third party beneficiary and strict liability.
The defendant has filed its motion to •dismiss the appeal on the ground that it is ■an interlocutory order at law not relating to venue or jurisdiction over the person ■and, therefore, nonappealable.
The case of McLean v. Plant Fruit Company, Fla.App.1964, 167 So.2d 332, was an action wherein an answer and counterclaim were filed and summary judgment was entered dismissing the amended complaint, hut left pending the counterclaim. This court held that summary judgment dismissing the amended complaint, but leaving pending a counterclaim, was partial and therefore “interlocutory” and not “appealable” within statute and appellate rule.
This court said:
“After the filing of an amended complaint at law for damages for breach of contract, answer and counterclaim were filed. The Court entered a summary judgment dismissing the amended complaint, but left pending the counterclaim. Under such circumstances the judgment dismissing the complaint is a partial summary judgment and therefore interlocutory, and not appealable within the meaning of Florida Statutes, § 59.2(1), F.S.A. and Florida Appellate Rule 3.2, subd. b, 31 F.S.A.”
In Longo v. Collins, Fla.App. 1958, 106 So.2d 1, the First District Court of Appeal held that a party aggrieved by interlocutory order other than those encompassed by rules, could seek relief therefrom only by appropriate assignment upon appeal from final judgment, except if it could be clearly demonstrated that such would not afford a full, adequate and complete remedy, and in the absence of a clear showing there could be no full and complete remedy by appeal from a final judgment, appeal would be dismissed.
The First District Court, in its opinion by Judge Wigginton, said:
“Rule 4.2, Florida Appellate Rules, 31 F.S.A., provides for the review of interlocutory orders entered in common law actions only when such orders relate to venue or jurisdiction over the person. The jurisdiction of an appellate court cannot be otherwise invoked thereunder in actions at law. Renard v. Kirkeby Hotels, Inc., Fla.App.1958, 99 So.2d 719.
{( * ‡ ‡
“Having failed to properly invoke the jurisdiction of this court to review the challenged order by interlocutory appeal, and absent a clear showing that there can be no full, adequate and complete relief by appeal from final judgment, this appeal must be and the same *33 is hereby dismissed, but without prejudice to appellants’ right to seek a review by appeal upon the entry of final judgment if they be so advised.”
The motion to dismiss the appeal in the instant case is granted, but without prejudice to the appellants’ right to seek review by appeal upon the entry of final judgment, if they so desire. See Easley v. Garden Sanctuary, Inc., Fla.App.1960, 120 So.2d 59, 78 A.L.R.2d 1199.
ALLEN, C. J., and SMITH and ANDREWS, JJ., concur.