PER CURIAM.
This is an appeal by the defendant lessee, from a summary final decree cancelling a lease. The complaint alleged a 20-year lease on improved real estate at a rental of $80,000.00 a year, payable monthly, and that certain installments of rent were defaulted. It was prayed that the court decree the lease “cancelled and terminated, and that all parties are relieved from further obligation and responsibility thereunder.” The lease required the lessee to pro *617 vide a security fund of $70,000 (subsequently increased to $73,750) to be held by the lessors under certain terms and conditions as follows:
“(a) If during the term of this lease the lessee should default in any respect whatsoever the lessors may take such proceedings in law or in equity as they deem necessary to cancel this lease or to enforce the terms and conditions thereof, and the security deposit shall be applied toward any damages sustained by the lessors by reason of said default, and the balance, if any, remitted to the lessee.
“(b) If this lease is in good standing and no default then exists in any of the terms and conditions hereof eight months prior to the expiration date then and in that event the security deposit shall thereupon be remitted to the lessee in the amount of $6,666 on the 1st day of each month or the last eight months of the term hereof.”
With reference thereto the lease further provided that the lessee should have a lien against the leased premises, enforceable by foreclosure, to secure the return of any security deposit monies to which it should become entitled.
The defendant moved to dismiss. Plaintiffs moved for a summary final decree, stating as grounds “that the pleadings and affidavit filed herein show that there is no genuine issue as to any material fact and that the Plaintiffs are entitled to a final Summary Decree as a matter of law.” Plaintiffs’ motion was supported by an affidavit verifying the existence of the alleged instruments, and the alleged defaults in rent.
The matter came on for hearing first on the motion to dismiss. An order was entered thereon reserving ruling on the motion to dismiss until “final hearing,” and allowing the defendant-lessee 13 days from that date within which to answer. Plaintiff’s motion for summary final decree was heard and summary final decree entered before the expiration of the time allowed to the defendant to answer. Defendant had filed certain affidavits in opposition to the motion for summary decree, conceding rent defaults in the amount of $34,750, but directing attention to the security deposit and provisions of the lease for return to the lessee of the portion of the security deposit not necessary to be applied on damages due the plaintiffs, upon cancellation for a default.
Appellant contends it was error to cancel the lease, but if the lease was properly can-celled for the default in rent, the summary final decree was in error in permitting the lessors to retain the security deposit, and in not making provision for return to the lessee of the portion of the security deposit over and above the amount of the damages.
In contending it was error to cancel the lease appellant argues that because it was provided in the lease that the security deposit should be applied to the defaulted rent, its application thereto would have cured the default and eliminated the basis for cancelling the lease. We reject that argument of the appellant as being without merit. Obviously such was not the intent of the parties. Moreover, the lease provided for cancellation upon such default.
The summary final decree for plaintiffs cancelling the lease did not deal expressly with the security fund. In view of the prayer that the decree cancelling the lease should also relieve the parties from obligations under the lease, the summary decree was subject to interpretation that it was a holding that plaintiffs were entitled to retain the security deposit. Under unambiguous provisions of the lease, any balance of the security deposit, after its application to allowable damages, was to be returned to lessee. It was evident in the trial court, from the provisions in the lease relating to the security deposit and from the affidavits filed on behalf *618 of the lessee, that the latter’s claim to a return of the deposit as provided for in the lease could raise issues relating to damages and the amount thereof. In the circumstances presented the summary final decree disposing of the security deposit prior to answer of the lessee was not proper. See Olin’s v. Avis Rental Car System of Florida, Fla.App.1958, 105 So. 2d 497; Settecasi v. Board of Public Instruction, Fla.App.1963, 156 So.2d 652; Wallens v. Lichtenstein, Fla.App.1964, 159 So.2d 912; 6 Moore’s Federal Practice, § 56.07, p. 2044 (2d ed. 1953). Subsequent to the entry of the decree the lessee sought but was denied the right to answer and contest for the security deposit.
Accordingly we affirm the summary final decree wherein it cancelled the lease but reverse the decree as a disposition of the security deposit, and the cause is remanded for further pleadings and proceedings with reference to the security deposit.
Affirmed in part and reversed in part and remanded.