HENDRY, Chief Judge.
This is an appeal from a final summary judgment in favor of the appellees who brought this action for a decree that they have an easement over property owned by the appellants and to restrain the appellants from interfering with the use of the easement.
The complaint alleges that the parties derive their title from common grantors. The appellees-Malisches were deeded their property from the common grantors in. 1950, and the appellees-Hills were con--veyed their property by deed dated December 27, 1961. The subject property was conveyed by the common grantors to another on March 3, 1961 and subsequently deeded to the appellants on January 31, 1964. The appellees have used the east 25 feet of the appellants’ property for the purpose of maintaining ingress and egress from their land since the appellees acquired their respective property. The complaint further alleges that the property which the appellees purchased is without access to a public road and that by operation of law they have an implied grant of a way of necessity over the appellants’ land to the public road. Further, the appellants have barricaded the way and forbid the appellees from going across the property thereby forcing them to trespass over other property to maintain ingress and egress from their land.
Before answer and while appellants’ motion to dismiss was pending, the appellees moved for summary judgment without supporting affidavits but incorporating the allegations in their complaint. The appellants’ affidavit in opposition to the motion alleges that the appellees have free and easy access to their property by virtue of another path leading from a paved road to their property.
The common law rule of an implied grant of a way of necessity has been recognized, adopted and clarified by § 704.-01, Fla.Stat., F.S.A. Under it, a way of necessity is an implied grant or reservation existing when a person grants land to which there is no accessible right of way except over his land or retains land which is inaccessible except over land which he conveys. The easement exists where there is no other reasonable and practicable way of egress or ingress and same is reasonably necessary for the beneficial use or enjoyment of the part granted or reserved.
*254 We have previously cautioned that a motion for summary judgment before answer should not be granted unless it is clear that an issue of material fact can not be presented.[1]
It appears from appellants’ affidavit in opposition to the motion for summary judgment that an issue of fact can be presented concerning whether or not there is a reasonable and practicable way of egress or ingress. The appellants, therefore, must be given an opportunity to answer the complaint. As we have stated in Wallens v. Lichtenstein, Fla.App.1964, 159 So.2d 912, 914, “The legal effect of this answer may, of course, be tested and, also, if it is made to appear that the allegations of the answer are without basis in fact then a second motion for summary judgment may be proper.”
Reversed and remanded.

. Olin’s v. Avis Rental Car System of Florida, Fla.App.1958, 105 So.2d 497.