206 So.2d 48 (1968)
TROPICANA POOLS, INC., a Florida Corporation, Appellant,
v.
The FIRST NATIONAL BANK OF TITUSVILLE, a National Banking Institute, Appellee.
No. 588.
District Court of Appeal of Florida. Fourth District.
January 22, 1968.
Rehearing Denied February 12, 1968.
*49 Robert W. Olsen, Orlando, for appellant.
Charles M. Harris, of Crofton, Brewer, Holland, Starling & Goshorn, Titusville, for appellee.
WALDEN, Chief Judge.
This is an appeal from a final summary judgment entered in favor of defendant in a suit for damages. It resulted from defendant-bank's refusal to honor its cashier's check issued to the plaintiff.
Plaintiff agreed to build a swimming pool for a Dr. Stiff. Dr. Stiff gave plaintiff, as a deposit, a personal check drawn on the defendant-bank. Later that day, Dr. Stiff telephoned plaintiff and said that he could not then go through with the pool project. The affidavits are in conflict as to whether Dr. Stiff specifically informed plaintiff that he was going to stop payment on the deposit check. He did, though, order the bank to stop payment on the check the next day.
Two days later, plaintiff presented Dr. Stiff's personal check to defendant-bank in exchange for a cashier's check in a like amount payable to the plaintiff.
Defendant discovered it had overlooked the stop payment order on the personal check. Thus, when the cashier's check was presented for payment by plaintiff, it was dishonored by the bank.
Plaintiff brought suit, alleging that the bank had dishonored the cashier's check. The bank moved for a summary judgment which was granted. Plaintiff appeals. We affirm.
There is no dispute concerning the fact that payment had been stopped on the personal check prior to the issuance of the cashier's check. Both parties have presented and argued substantially the same issue of law on this appeal: may a bank, on the ground of a lack of consideration, dishonor a cashier's check it has issued, when presented for payment by the original payee?
It is true, as stated in Ross v. Peck Iron & Metal Co., 1959, 4 Cir., 264 F.2d 262, 269, that, "* * * the law is perfectly clear that a cashier's check cannot legally be countermanded or dishonored when presented by a holder in due course * * *." But was the plaintiff such a holder in due course? We think not.
At all times material to this cause, Florida was governed by the provisions of the negotiable instruments law.[1] In the jurisdictions adopting the N.I.L. there was a distinct split of authority as to whether a payee of a negotiable instrument could be a holder in due course.[2] Florida aligned itself with those jurisdictions holding that a payee could not be such a holder in due course.[3]
*50 We have found no Florida decisions considering the issue with specific reference to a cashier's check. However, the issue has been decided by other jurisdictions which also are of the view that a payee cannot be a holder in due course.
In Kinder v. Fisher's National Bank,[4] the court held the general rule prohibiting the countermanding of a cashier's check not applicable since plaintiff was one of the original parties and not a holder in due course. The bank was permitted to refuse payment because of failure of consideration.
Likewise, the court in Mid-Central Towing Co. v. National Bank of Tulsa,[5] set out in its syllabus this rule:
"2. If a bank issues a cashier's check without consideration, the failure of consideration is a matter of defense and the bank may properly refuse to honor the cashier's check when presented for payment by the payee as he is not a holder in due course."
Plaintiff is not a holder in due course, and it nowhere appears that he gave anything of value as consideration for the cashier's check.[6] Accordingly, the decree of the trial court is
Affirmed.
MacMILLAN, HUGH, Associate Judge, concurs.
CROSS, J., dissents with opinion.
CROSS, Judge (dissenting).
I respectfully dissent as I am as hard-pressed as one looking for the evasive needle in a haystack to find the defendant has sustained its burden to show an absence of a genuine issue of material fact as to failure of consideration.
As a defense to plaintiff's complaint, defendant answered, generally denying the allegations of the complaint and setting forth what it called an affirmative defense as follows:
"7. That the check of Robert H. Stiff was given by said Robert H. Stiff to plaintiff on about the 11th day of April, 1965, in connection with a swimming pool contract; that said Robert H. Stiff stopped payment upon said check prior to the issue of the cashier's check sued upon;
"8. That Plaintiff, through its agent, knew that said Robert H. Stiff had stopped payment on his said check at the time of presentation, and knew that said Robert H. Stiff had cancelled said contract;
"9. That Plaintiff's agent presented said check with the knowledge aforesaid prior to the time said stop payment order reached the issuing clerk in defendant bank;
"10. That on April 15, 1965, the Defendant addressed to Plaintiff at Orlando a telegram informing Plaintiff of the wrongful action of its agent; that a copy thereof is attached as Exhibit `A';
"11. That Plaintiff nevertheless deposited said cashier's check; that the Defendant returned the same to Plaintiff through his depository bank; that the Plaintiff refused and now refuses to return said check in exchange for said check of Robert H. Stiff."
Subsequent to the filing of the answer, plaintiff moved for summary judgment on *51 the pleadings and affidavits filed in support thereof. Defendant filed an opposing affidavit. The court denied the motion. The defendant later moved for summary judgment and filed an additional affidavit setting forth therein failure of consideration for the issuance of its cashier's check. The court then entered final summary judgment for the defendant.
In denying plaintiff's motion for summary judgment, the trial court relied upon the matter set forth in defendant's answer as raising an affirmative defense of failure of consideration. I disagree, and determine the answer to be insufficient to allege an affirmative defense of failure of consideration. The defendant's later attempt to interject an affirmative defense by way of affidavit on its motion for summary judgment was beyond the scope of the issues raised by the pleadings and in violation of Rule 1.110(d), formerly Rule 1.8(d), F.R.C.P., 30 F.S.A., and should have been rejected by the trial court. Fink v. Powsner, Fla. App. 1958, 108 So.2d 324. cf. Dicks v. Colonial Finance Corporation, Fla. 1956, 85 So.2d 874; Carroll v. Paramount Pictures, D.C., 3 F.R.D. 47. Failure of consideration is an affirmative defense which must be raised in defendant's answer, Rule 1.110(d), supra.
Although pleadings are to be given a liberal construction, other rules must also be kept in view such as the rule relating to the degree of certainty required in a pleading. The requirement of certainty will be insisted on in the pleading of a defense just as in the statement of claim. The plaintiff is as much entitled to know the ground on which it is claimed he should not recover as is a defendant to be apprised with reasonable certainty of the basis of the plaintiff's claim. White v. Crandall, 1932, 105 Fla. 70, 137 So. 272, 143 So. 871. American Box and Lumber Co. v. Chandler, 1931 102 Fla. 907, 138 So. 29; Southern Home Ins. Co. v. Putnal, 1909, 57 Fla. 199, 49 So. 922, 25 Fla. Jur., Pleadings, §§ 24, 41.
It would serve no useful purpose to labor at length the substantial deficiencies of the affirmative defense in question since even a cursory reading of defendant's answer points forth vividly these deficiencies. Its over-all defect is that it fails to apprise the plaintiff of the ground on which it is claimed that he should not recover.
The posture of the case before the trial court on plaintiff's motion for summary judgment was plaintiff's complaint, defendant's answer, and the affidavits. Plaintiff's affidavits clearly dispel any knowledge on its part of cancellation of the contract and of the stop payment on the personal check. The trial judge was presented with a situation wherein all the material facts of the complaint were established. There was an absence of any genuine issue. The answer of the defendant has never been amended or a request made therefor to set up the affirmative defense of failure of consideration. Summary judgment should have been granted to the plaintiff at that time.
Although denial of plaintiff's motion for summary judgment has not been made a subject of any assignment of error, a point argued on appeal or objection or exception in the court below, nevertheless it constitutes fundamental error of which this court may take notice and consider ex mero motu. F.A.R. 3.7(i), 32 F.S.A. I would reverse and remand the cause with direction for the trial court to enter final summary judgment for the plaintiff.
NOTES
[1] Chapters 674-676, F.S. 1965.
[2] For an exhaustive survey of the question of a payee as a holder in due course under both the Uniform Negotiable Instruments Act and the Uniform Commercial Code, see annotation, 2 A.L.R.3d 1151.
[3] Dade-Commonwealth Title Ins. Co. v. Biscayne Kennel Club, Inc., Fla.App. 1962, 143 So.2d 713; St. Petersburg Novelty Works v. Battle, 66 Fla. 303, 63 So. 445. The reasoning of the decisions supporting the view that a payee may not be a holder in due course is that Section 52 of the N.I.L. (Section 674.54, F.S. 1965) clearly contemplates that such a holder must be one to whom the instrument was negotiated. But the payee takes through issue, an act distinct from negotiation.
[4] 1931, 93 Ind. App. 213, 177 N.E. 904. See also, Wright v. Trust Co. of Georgia, 1963, 108 Ga. App. 783, 134 S.E.2d 457.
[5] Okl. 1960, 348 P.2d 327.
[6] A caveat must here be included. The Uniform Commercial Code, effective in Florida from January 1, 1967, expressly provides that "a payee may be a holder in due course." Section 673.3-302(2), F.S.A.