238 So.2d 161 (1970)
TALMUDICAL ACADEMY OF BALTIMORE, Petitioner,
v.
Herman Lee HARRIS, As Executor, Respondent.
No. 69-1063.
District Court of Appeal of Florida, Third District.
July 28, 1970.
Howard R. Hirsch, Miami, for petitioner.
Seymour Kaplan, Miami, for respondent.
Before PEARSON, C.J., and HENDRY and SWANN, JJ.
PEARSON, Chief Judge.
The plaintiff, Talmudical Academy of Baltimore, filed a complaint in the circuit court after an objection was filed to its claim in the estate of Jacob Harris, deceased. The complaint sought the enforcement of two separate promises of the deceased: first, a promise to leave the *162 Academy $5,000 by bequest in a will; second, a promise to pay $5,000 within five years of the date of the promise. A copy of a written pledge which promised the payments as follows: "$5,000 in 5 years, $5,000 in will after 120 years" was attached to the complaint. The complaint alleged the payment by deceased of $3,000 during his lifetime.
The trial court in a judgment on the pleadings (a) dismissed that portion of the complaint which sought to enforce the promise to make a bequest and (b) transferred the remainder of the complaint to the civil court of record. An order that disposes of a portion of a claim made in a complaint is interlocutory. Goldfarb v. Bronston, 154 Fla. 180, 17 So.2d 300 (1944); Morse v. Hendry Corporation, Fla.App. 1965, 177 So.2d 31; Jacobs v. Gould, Fla. App. 1967, 197 So.2d 307. Our courts have accepted for review on petition for certiorari circuit court orders in common law cases that dispose of a portion of a complaint and transfer the remaining portion of the claim to courts with lesser jurisdictional amounts. See Easley v. Garden Sanctuary, Inc., Fla.App. 1960, 120 So.2d 59, 78 A.L.R. 2d 1199; Lovi v. North Shore Bank, Fla. App. 1962, 137 So.2d 585. We elect to treat the notice of appeal in the present cause as a petition for certiorari. Article V, § 5(3), Florida Constitution (1968), F.S.A.; § 59.45, Fla. Stat., F.S.A.
The question before us therefore is whether the trial judge departed from the essential requirements of law when he dismissed that portion of appellant's complaint alleging that the decedent had promised to make a bequest to appellant of the sum of $5,000. The trial judge relied upon the provisions of § 731.051,[1] which the defendant-appellee contended made the promise to make a bequest unenforceable. This reliance was proper.
Appellant urges that the section is not applicable because the copy of the cause of action attached to the complaint shows that the written promise was made in the State of Maryland. This argument is founded upon the principle that the validity of a contract will ordinarily be determined under the law of the place where it is made. See Castorri v. Milbrand, Fla.App. 1960, 118 So.2d 563. Section 731.051 is a part of the Florida probate law. It does not deal with the validity of an agreement but with the enforceability of the agreement in the courts of this state. As such it is a part of the public policy of the state dealing with the kind of claim against an estate that will be allowed or enforced by the courts of the state. It is therefore procedural in nature and is applicable to all actions such as the present one brought in this state. Cf. Fincher Motors, Inc. v. Northwestern Bank & Trust Co., Fla.App. 1964, 166 So.2d 717.
Appellant's second point urges a departure from the essential requirements of law in that the claimed premature action of the trial judge deprived the plaintiff of an opportunity to show either through a further pleading or at trial that § 731.051, Fla. Stat., F.S.A., is inapplicable by showing circumstances which would create an issue as to an exception to the statute. Appellant equates the provisions of the statute to various sections of the Statute of Frauds, § 725.01, Fla. Stat., F.S.A., (Cf. Fletcher v. Williams, Fla.App. 1963, 153 So.2d 759, 761) where exceptions to the unenforceability of certain oral promises have been engrafted upon the statute by judicial opinions. See cases cited at 15 Fla.Jur. Frauds, Statute of § 14.
*163 Appellant does not cite a recognized exception to the applicability of § 731.051. Our research reveals only one possible exception. See Hagan v. Laragione, Fla.App. 1964, 170 So.2d 69, 71. Under this circumstance we cannot hold that trial judge departed from the essential requirements of law by failing to begin a process of judicial attrition.
The petition is denied.
NOTES
[1] "Agreements to make a will, requirements. 

(1) No agreement to make a will of real or personal property or to give a legacy or make a devise shall be binding or enforceable unless such agreement is in writing signed in the presence of two subscribing witnesses by the person whose executor or administrator is sought to be charged.
(2) This section shall apply to agreements made on, after or prior to January 1, 1958."