WILMINGTON TRUST COMPANY, a corporation of the State of Delaware, Defendant Below, Appellant,

v.

DELAWARE AUTO SALES, a business association of the State of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Nov. 4, 1970.

Rodney M. Layton and Jane R. Roth, of Richards, Layton & Finger, Wilmington, for defendant below, appellant.

Jay ·H. Conner, of Conner & Daley, Wilmington, for plaintiff below, appellee.

CAREY and HERRMANN, JJ., and SHORT, Vice-Chancellor, sitting.

CAREY, Justice.

This is an appeal by Wilmington Trust Company, defendant below, from a judgment in Superior Court based upon a holding that plaintiff below, Delaware Auto Sales, was a holder in due course of a treasurer's check, issued but later cancelled by defendant, and was therefore entitled to the amount of the check with interest and costs.

The facts are essentially undisputed: Robert Hoopes, of Seaford, purchased a used car from Delaware Auto Sales and paid for it with a personal check drawn on Wilmington Trust Company in the amount of $1550.00. Early the next morning, due to dissatisfaction with the car, which he later returned, Hoopes called the Seaford branch of the bank and stopped payment on his check. This order was noted in the Wilmington office at 8:35 a. m. That same morning, Al Kutner, owner of Delaware Auto Sales, went to the Greenville branch of the bank between 9:00 and 9:30 a. m., and exchanged the personal check of Hoopes for a treasurer's check in the same amount. The Assistant Treasurer investigated the adequacy of Hoopes' funds, failed to discover or had not yet received notice of the stop-pay-

ment order.* At 9:24 a. m., the Hoopes account was charged with a "hold" for the amount of the treasurer's check. Later, when the treasurer's check was presented for payment, the stop-payment order was noticed and the check was cancelled. Defendant below alleged want or failure of consideration and mistake. Plaintiff below contended that it was a holder in due course and therefore not subject to those defenses.

It is clear that Delaware Auto Sales cannot assert the rights of a holder in due course as against Wilmington Trust Company. The rights of a holder in due course are defined in 5A Del.C. § 3–305:

"To the extent that a holder is a holder in due course he takes the instrument free from. * * *

"(2) all defenses of any party to the instrument *with whom the holder has not dealt* * * *" (emphasis added).

 In other words, personal defenses are available between immediate parties. Delaware Auto Sales dealt directly with Wilmington Trust Company; even if the auto dealer was a holder in due course, it is not immune to the defense of want or failure of consideration, as set forth in 5A Del.C. § 3–306(c). Brotherton v. McWaters, Okl., 438 P.2d 1 (1968); Jones v. Approved Bancredit Corp., Del.Supr., 256 A.2d 739 (1969).

We find that there was a failure of consideration here. Since the bank received the stop-payment order before it issued the treasurer's check, it had no right to charge the account of Hoopes, its depositor. A complete failure of consideration for the treasurer's check resulted and the bank had the right to refuse to honor it when presented by the payee. Tropicana Pools, Inc. v. First National Bank of Titusville, Fla.App., 206 So.2d 48 (1968); Wright v. Trust Company of

Georgia, 108 Ga.App. 783, 134 S.E.2d 457 (1963) and Pyle v. Gallaher, Del.Super., 6 Pennewill 407, 75 A. 373 (1908).

We need not consider the defense of mistake also asserted by the bank.

Judgment reversed.

---

* There was testimony that stop-payment notices require one to two hours to process.