**KELLER v. PENOVICH, et al.**
No. 70-C-6063.
Circuit Court, Palm Beach County.
August 4, 1971.

Gilbert T. Brophy, Tequesta, for the plaintiff.

Alan Lindsay, Palm Beach, for the defendants.

JAMES R. KNOTT, Circuit Judge.

This matter came on to be heard on the defendants' motion for summary judgment.

In her amended complaint the plaintiff seeks damages from the defendants on two grounds — (1) the breach by the defendants of an oral two-year employment contract under which the defendants employed the plaintiff as manager of the corporate defendant's restaurant in Palm Beach, and (2) the fraud of the defendants in causing the plaintiff to accept the two-year oral contract.

It is established by the verified complaint, the deposition of the plaintiff, the affidavit of the plaintiff's witness, and the records and files herein, and no genuine issue remains in connection therewith, that the plaintiff is relying upon an oral two-year employment agreement and that there is no note or memorandum thereof signed by the defendants or either of them. It is further established

by the plaintiff's own testimony on deposition, and no genuine issue remains in connection therewith, that such agreement as was reached between the parties was reached in Florida.

Because the agreement between the parties was entered into in Florida, Florida law controls in all respects. However, even if the oral agreement were entered into in Maryland, the court finds that its enforceability in Florida is to be determined under Florida procedural law, and that the Florida Statutes of Frauds, §725.01, is procedural. Talmudical Academy of Baltimore v. Harris, 238 So.2d 161 (3d D.C.A. Fla. 1970); Fletcher v. Williams, 153 So.2d 759 (1st D.C.A. Fla. 1963).

The oral two-year employment agreement is unenforceable in Florida under §725.01 regardless of plaintiff's alleged change of position in reliance thereon. Tanenbaum v. Biscayne Osteopathic Hospital, 190 So.2d 777 (Fla. 1966). The count in fraud arose out of the same circumstances and is based indirectly on the alleged oral contract; accordingly, as stated by the Florida Supreme Court, it "is simply an attempt in an indirect manner to obtain damages for breach of the contract . . . [and] cannot be maintained." Canell v. Arcola Housing Corp., 65 So.2d 849, 851 (Fla. 1953).

In view of the foregoing, the court finds it unnecessary to determine whether the oral contract would be enforceable in Maryland if suit were brought there, and whether the Maryland Statute of Frauds, which appears similar to the Florida statute, is procedural or substantive in nature.

Based on the foregoing, the court finds that no genuine issue of material fact remains to be tried herein, and that the defendants are entitled to, and are hereby granted, summary judgment on all counts. All other pending motions herein are moot and are denied.